Kent, J.
This is a motion in arrest of judgment. The verdict was general. It is urged on the part of the defendant, that the words in the first and second counts are not actionable,(a) and that it is not alleged that any oath was *433 taken by the plaintiff before any person competent to administer it. It is farther urged, that the charge in *434 [*349] the third count relates only to the promissory *oath of office, for which an indictment for perjury will not lie.
We are of opinion, that the objection to the first and *435 second counts is well taken. Swearing to a lie does not necessarily imply that the party has, in judgment of law perjured himself. It may mean that he has sworn to a falsehood without being conscious, at the time, that it was a falsehood. Actionable words are those that convey the charge of perjury in a clear unequivocal manner, and which admit of no uncertainty. The charge is defective in not stating any court or competent officer, before whom the plaintiff swore. Com. Dig. tit. action on the Case for Defamation, F. 5, F. 18 ; 1 Eoll. Abr. 39, n. 40. It may mean extrajudicial swearing, and, therefore, it is held, that a charge that one is forsworn, is not actionable; because it shall not he intended in a case where perjury may he committed. [1] On the other hand, a charge that one is perjured, is actionable; for that implies the direct legal crime.
With respect to the third count, we are of opinion, that it is sufficient to sustain an action; but as the verdict is general, the judgment must be arrested; the plaintiff, however, on application, might have been entitled to a venire de nova, on payment of costs.(a)
Judgment arrested.

 Actions of slander are of two kinds; first, where the words are actionable in themselves; secondly, where they become so in consequence of some special damage which they have induced. On a review of the English authorities, it would seem that all those words fall within the first division, which impute to the plaintiff treason, (Charter v. Peter, Cro. Eliz. 602; How v. Prim, 2. Salk. 696,) felony, (Cooper v. Smith, 1 Roll. Abr. 77; Jones v. Herne, 2 Wils. 87, overruling 3 Leon. 231,) or a liability to personal or other punishment (1 Roll. Abr. 37,) for any offence of moral turpitude, whether by indictment or otherwise, by the common law, statute law, or custom, Mayne *433 v. Digle, 1 Freem. 46.; Walden v. Mitchell, 2 Vent. 266; Hassell v. Cooper, 1 Roll. Abr. 36; Watson v. Clerke, Comb. 138. The words must, says Lord Chief Justice De Grey, “contain an express imputation of some crime liable to punishment, some capital offence, or other infamous crime or misdemeanor.” Onslow v. Horne, 3 Wils. 186. We have narrowed the rule by requiring the charge to be such as “ will subject the party to an indictment for a crime involving moral turpitude, or to an infamous punishment.” Brooker v. Coffin, 5 Johns. Rep. 188. Therefore, as perjury is an indictable offence, involving moral turpitude, and can be committed only by false swearing in a court, or before a magistrate having authority competent to the administration of an oath, to say that another “ is perjured!’ is actionable, (Green v. Long, 2 Caines' Rep. 91; Ward v. Clark, 2 Johns. Rep. 10,) aliter, that he was “forsworn," though it be added “in ’squire A.’s court,” unless it be shown that A. had authority to hold a court, (Stafford v. Green, 1 Johns. Rep. 505,) or that he was forsworn before Justice A. though it would have been otherwise had it been said “before a justice of peace.” Gurneth v. Derry, 3 Lev. 166. Words are also actionable in themselves when they convey a charge of having some contagious distemper then existing; (Carslake v. Mapledorom, 2 D. & E. 473;) aliter, that the plaintiff formerly had such a disease. Taylor v. Hall, 2 Str. 1189. So where they impute to a public officer anything which would disgrace him in his office, and render him unlit for its duties; (Dole v. Van Rensselaer, 1 Johns. Cases, 330; Lindsey v. Smith, 7 Johns. Rep. 359;) or a tradesman with want of honesty, as that he keeps false books; (Backus v. Richardson, 5 Johns. Rep. 476;) or to a professional man, whether in the law or other branch of science, total or general ignorance in his calling; aliter if only in a particular matter or cause. Foote v. Brown, 8 Johns. Rep. 64.
It is necessary that the words by which the actionable charge is made should be plain and unequivocal; (Harrison v. Stratton, 4 Esp. Rep. 218;) they should allege, not merely an intention, but a fact perpetrated, though the imputation need not be in direct terms; it is sufficient if, in common acceptation, the words amount to a charge; as “I have reason to believe,” (Miller v. T. Miller, 8 Johns. Rep. 77,) the plaintiff “is under a charge for peijury, and the attorney-general has given directions to have him prosecuted for perjury.” Roberts v. Cambden, 9 East, 93. So to say to a witness whilst giving his evidence in court, “ that is false," (M’Laughry v. Wetmore, 6 Johns, Rep. 82,) or of any one that “he has sworn to a lie for which he stands indicted." Pelton v. Ward, 3 Caines’ Rep. 73. But words actionable in them selves cease to be so if spoken in confidence, or in answer to inquiries made for security; (King v. Waring et Ux., 5 Esp. Rep. 14; Weatherston v. Hawkins, 1 D. & E. 110; M’Dougall v. Claridge, 1 Campb. 267;) or if between members of the same church in their course of religious 'discipline; (Jarvis v. Hatheway, 3 Johns, Rep. 180;) or in preferring a complaint before a m* *434 gistrate, or in giving in charge of a constable; (Johnson v. Evans, 3 Esp. Rep. 32; Leigh v. Webb, lb. 165;) or in stating a report of a law case, Curry v. Walter, 1 Esp. Rep. 456; Lake v. King, 1 Saund. 132,) whether the court has jurisdiction or not. Gwynne v. Pool, 2 lutw. 1571, edition by Nelson, 290. So where the words, though prima facie importing a felony, are used in a different sense, (Thompson v. Barnard, 1 Campb. 48,) or from the context show they cannot expose to indictment or criminal punishment, (Van Rensselaer v. Dole, 1 Johns. Cases, 279,) as, he is a felonious thiefi he has stolen my apples off my trees.
It has been ruled that an action for words conveying a charge of murder cannot be maintained without averring the person alleged to have been killed to he actually dead; (Philips v. Kingston, 1 Vent. 117 ;) but the contrary has been since determined, (Talbot v. Case, Cro. Eliz. 823; Waterman v. Say, cited 1 And. 121; Rivers v. Lite, 2 Str. 1130,) for unless the contrary appear in the declaration, it will be intended; and as falsity and malice are the gist of the suit, the old oases on this point do not seem to be supportable according to the principles of the action; which, though the plaintiff has been acquitted of the murder, permit the defendant, under a plea of justification, to go into the truth of the charge. England v. Bourke, 3 Esp. Rep. 80.
Where the words are not actionable in themselves, special damage must be alleged; therefore, charging another with adultery affords no cause of action without showing some immediately consequential injury sustained through, or by, the assertion; (Buys and Wife v. Gillespie, 2 Johns. Rep. 115;) which injury must be the legal result of the words; that is, the effect of something lawfully done in consequence of them, and not any tortious act; (Vicars v. Wilcox, 8 East, 1;) because, for such acts, the law gives specific redress. In slander of title the special damage sustained must be set forth; not merely that the plaintiff has lost the sale of his land. Lowe v. Harewood, W. Jones, 196. The evidence, in an action for words, need not be of the very words spoken; it is sufficient to prove their substance. Miller v. M. Miller, 8 Johns. Rep. 74. But if they be spoken of the plaintiff in his office as a magistrate, they must be so alleged; (Dole v. Van Rensselaer, 1 Johns. Cases, 330;) for it is not enough barely to state that the plaintiff was a magistrate. Where there are some good counts and some bad, upon which a general verdict is given, if the judge before whom the cause was tried, certify that the evidence applied only to the good counts, the plaintiff may, upon payment of costs, enter his judgment on them. Stafford v. Green, 1 Johns. Rep. 505 ; see Com. Dig., tit. Action on the case for Defamation; Bac. Abr., tit Slander; Gilbert v. Field, 3 Caines’ Rep. 329, and notes there.

 See also Fox v. Vanderberk, 5 Cow.. 513; Gilman v. Lowell, 8 Wand. 573; Niven v. Munn, 13 J. R. 48; Chapman v. Smith, 13 Id. 80.

 Anger v. Wilkins, Barnes, 478; Smith v. Haward, lb. 480, S. P. Sa per Buller, J., in Eddowes v. Hopkins, Doug. 377; see also Grant v. Astler, Doug. 722. See also, ante, p. 107, note [1].