Tompkins, J.
delivered the opinion of the court.,'
The plaintiff in error, relies on the insufficiency of the declaration in the court1 below, for the reversal of the judgment rendered there.
*11 Wo colloquium, or averment of special damages, is contained in the declaration. The words in the first count, then, are not actionable, unless they must necessarily be understood as conveying a charge of perjury-This is not to be collected fr.om them, because, it does not appear that. Jamison had any authority, to hold a. court known in law, or to act judicially, or to administer an oath, and therefore, a charge of having taken á false oath before him, does not necessarily impute any crime for which a person may be indicted-and punished. Even if the count referred to, by the words, were known and recognised by this court, there is no colloquium of any cause theré depending, without which the declaration is insufficient, for the words may have been spoken in common discourse.* -
These words, “thou art forsworn in collet court,” without showing any action pending there, and without further description of the court, were held not to be actionable.† In Page v. Keeble,‡ a similar judgment was given, upon a declaration upon these words, “ thou art perjured,,for thou art forsworn in the bishop of Gloucester's court.” The doctrine recognised in this court, in the cause of Hopkins v. Beedle, 1 Caines, 347. goes the length of determining the question, upon the count now under consideration. It was there adjudged, that to convey the charge of perjury, the words must be certain and unequivocal, and state the . court, or a competent officer who adíniñisterecf the oath; and in a more recent case, Green v. Stafford,* a count for words similar to those in the first count in this declaration, was held to be defective. The rule in relation to these, and similar words is, that where one person call another a perjured man, it shall be intended that the same was in a court of justice, and to have.a neeessary reference to it; but for a charge of false swearing, no action liesi unless *12 the declaration shows that the speaking of the words had a reference to a judicial court or proceeding.†
The seco†nd count appears to me to be equally defective. It is not alleged what particular words were sP°^en ’ n°r does the plaintiff pretend to set forth the substance of the expressions of which he complains. No precedent, ancient or modern, warrants this form of _ pleading. The plaintiff contents himself with drawing his own inference from the declarations made, and alleges such inference, without apprising the defendant of the words, or substance of the words spoken. The rule of evidence in.actions of slander formerly was, that the plaintiff must prove the precise, words ; and that rule has been no father relaxed than to admit proof of the substance of the words laid. With respect to declaring, it has been repeatedly resolved, that it is not sufficient to set forth the tenor, effect, or import of the words used.‡ j\T0 precedent for this count was cited upon the argument, and my researches have furnished me with none. diorgaa’s Precedents, 268, is to be found the only form which bears a resemblance to this count. It was, for charging and imposing upon the plaintiff the crime of arson, before a magistrate, to wit: of maliciously and feloniously setting fire to a certain house, particularly described therein. In 2 Richardson's Practice, K. B. 108, is the form of a declaration, charging the substance and import of the particular word used. Without questioning the correctness of these precedents, it is-evident, that the'same objections do not lie to them, as are presented by this count. The generality and uncertainty of the charge is a decisive objection to it. By this mode of declaring, the defendant is deprived of an opportunity of pleading matter which he might properly set up, (if he was apprised, by the declaration, of the specific* words) as that they were spoken with reference to a different subject, or in a different sense, than that *18 in which the plaintiff thinks proper to apply them. Cromwel’s Case, 4 Rep. 13. This he cannot do, if the mode of declaring, adopted by the plaintiff, in the second count, is allowed. Besides, the defendant may thereby be deprived of the advantages which migh result to him from a motion in arrest of judgment, or upon a writ. error. Upon the whole,- we are of opinion, that the second count violates the rules of correct pleading, and leads to unnecessary surprise and vexation. The judgment below must, therefore, be reversed for the insufficiency of both counts, in the declaration.(a)
Judgment reversed.

 J. Cartwel v. Co;e, Freem. 55. Yelverton, 28. Core v. Morton.

 Skinner v. Trobe, Cro. Ja. 190.

 Cro. Ja. 436.

 Ante, 505.

 2 Bulstrode, 150, Croford v. Blisse. Yelverton, 28. Core v. Morton.

 Newton and others v. Stubbs 3 Mod 72 and 2 Show. 436. Hale v. Cranfield, Crok.El. 645. Ibid. 857.

 “ You swore false at the trial of your brother John,”.was held.in Massachusetts to be actionable after verdict, without averring that the words were spoken concerning the testimony given by the plaintiff at the trial ref erred tb. Ferole v. Robbins, 12 Mass. 498. And in North Carolina to say of another, “ you swore false in Court,f is actionable. Hamilton v. Dent, 1 Mayw. 116.