ALBANY,
January, 1823.

CROOKSHANK
v.
GRAY.

---

CROOKSHANK *against* GRAY and his wife.

The words " you have sworn to a lie," are not, in themselves, actionable; but if it be averred, that they were spoken of and concerning the plaintiff, and of and concerning a trial, and the evidence given by the plaintiff in a cause pending in a Court, the count contains a sufficient cause of action.

Averments, by way of inducement, in the first count of a declaration, will aid a subsequent count, which would, otherwise, be defective, when it clearly refers to the first count, which is good.

IN ERROR, to the Court of Common Pleas of *Washington* county. *Gray,* and *Margaret* his wife, brought an action of slander against *Crookshank,* in the Court below. The declaration contained four counts. In the *first* count, the plaintiffs alleged, that the defendant, on the 6th of *June,* 1820, at, &c., falsely, wickedly, and maliciously, &c., spoke and published of and concerning *Margaret,* the wife of *Gray,* and of and concerning a certain suit which had been lately tried before *J. W.,* a Justice of the Peace, in which the said *G.* was plaintiff, and the said *C.* defendant, and on the trial of which the said *M.* had been examined on oath, and had given material evidence, as a witness, for the plaintiff, and of and concerning the evidence so given by her, the following false, scandalous, and malicious words, to wit : " You are a damned liar, and have sworn false," meaning that she had committed perjury. The *third* count alleged, that the defendant *C.,* falsely, &c. spoke and published of and concerning the said *M.,* and of and concerning the action which had been so depending and tried before the said Justice, and of and concerning the evidence of the said *M.,*

Where words charged as being slanderous, are proved to have been spoken in relation to a part of the evidence given by the plaintiff, as a witness in a cause, as to a particular fact not material to the point at issue in the cause, they are not actionable.

given by her on the said trial, as such witness, other false, scandalous, and malicious words, to wit, " *Abraham Gray's* wife swore to a damned lie," meaning, &c. The defendant below pleaded the general issue, with notice of justification. The jury found the defendant not guilty on the *first, second,* and *fourth* counts, and guilty on the *third* count, on which they assessed the damages of the plaintiffs, to 125 dollars. On the trial, a bill of exceptions was tendered to the Court below, from which it appeared, that the action tried before the Justice was trespass brought against *C.,* to recover damages for setting the dogs of *C.* on the plaintiff's cattle, and worrying them, so that one of them was killed. That the question before the Justice was, whether the defendant *C.* had, by means of his dogs, killed a steer of the plaintiff's; that *M.,* the wife of the plaintiff, was a witness, and testified, that she saw the defendant's dog worrying the plaintiff's steer, in the corner of the defendant's lot nearest to the plaintiff's house; and that she was standing in the house, and the distance to the corner of the lot of the defendant was about thirty rods, and there were no trees or bushes in the way to obstruct her view. *S.,* a witness for the plaintiff, testified, that before the trial in the Court below, he heard *C.,* the defendant, say, that *Abraham Gray's* wife had sworn to a lie, and he could prove it; the witness understood the conversation to relate to her testimony on the trial before the Justice, as to the distance at which she saw the dogs worrying the steer. *R.,* another witness, testified, that he heard the defendant say, that *Gray* had supported his action by the evidence of his wife, and *A. S.,* and that they had sworn to a lie, as to the distance of the ground; that the conversation was relative to the trial before the Justice, and the evidence given by *Gray's* wife as to the distance from *Gray's* house to the south-west corner of the defendant's lot. The defendant below moved for a nonsuit, on the ground, that the evidence of *Gray's* wife, relative to the distance, was immaterial; and as the words spoken referred to that part of her evidence, they did not support the action. But the Court below refused the motion, and the defendant excepted to the opinion of the Court. The defendant then called several witnesses, who stated the testimony given by *Gray's* wife before the Justice. The de-

fendant, also, proved the distance from *Gray's* house to the corner of his lot, to be about 106 rods, and that there were trees and bushes on the line between *Gray's* house, and the corner of the lot, which would obstruct the view. The plaintiff then called witnesses who testified, that a person might, from *Gray's* house, see a steer or dog in the corner of the defendant's lot; that there was no obstruction to the view; and that the said *Margaret*, in giving her testimony before the Justice, hesitated in mentioning the distance, saying, that she knew nothing of distances. The Judge charged the jury, that it was immaterial whether the distance was 30 or 100 rods, if the jury were satisfied, from the evidence, that there was nothing to prevent her seeing the dog worrying the steer; that her evidence had been fully corroborated, and the defendant had wholly failed, in supporting his charge, or his notice of justification. The defendant excepted to the Judge's charge. The jury found a verdict as above stated, on which the Court below gave judgment for the plaintiff for the damages and costs, amounting to 175 dollars and 96 cents.

*Billings* and *Willard,* for the plaintiff in error.

*Gibson* and *Stevens,* contra.

The cause was submitted to the Court on the following points and authorities.

*For the plaintiff in error;* 1. The words set forth in the third count, on which a verdict was given for the plaintiff, were not actionable. (1 *Johns. Rep.* 305. 2 *Johns. Rep.* 10. 3 *Johns. Rep.* 109.)

2. There is no averment applicable to the third count, that there had been a cause tried in which the wife of the defendant in error had been sworn and examined as a witness. When the words are not actionable, *per se*, but became so in reference to some extrinsic circumstance, there must be a special inducement. (1 *Chitty's Pl.* 382. 6 *Term Rep.* 691. 8 *East's Rep.* 430. 2 *Chitty's Pl.* 255, 256. *Cowper's Rep.* 682, 683, 684.) An *innuendo* cannot supply the place of an averment. (1 *Chitty's Pl.* 308. 1 *Saund.*

*Rep.* 234. n. 4. 4 *Bac. Abr.* 516. 8 *Johns. Rep.* 109. 4 *Co.* 19, 20.)

3. That the averment introductory to the first count, is not sufficient, even if it related to the third count; and as there are no words of reference, it cannot be resorted to in aid of the third count; more especially where there is a verdict for the defendant on the first count. (1 *Chitty's Pl.* 397. 2 *Chitty's Pl.* 260. note.)

4. The testimony of the wife of *Gray,* concerning which the words were spoken, was not material in the cause before the Justice; and, therefore, the words do not amount to a charge of perjury. (*Chapman* v. *Smith,* 13 *Johns. Rep.* 81. *Hopkins* v. *Buel,* 1 *Caines' Rep.* 347. 4 *Co.* 12. 16. 1 *Johns. Cases,* 279.)

5. That if the evidence of Mrs. *Gray* was material, in relation to the distance, the words spoken were fully justified.

6. The Judge misdirected the jury. A notice of a special justification, is not an admission of the matters charged in the declaration. It forms no part of the record. (*Vaughan* v. *Havens,* 8 *Johns. Rep.* 109.)

*For the defendants in error,* the following points were made:

1. Every subsequent count in a declaration may refer to the first count, and the inducements to it. (2 *H. Bl.* 131. 2 *Wils.* 114, 115. *Cro. Eliz.* 240. 2 *Lev.* 193. 2 *Chitty's Pl.* 256. notes. 1 *Caines' Rep.* 348. 3 *Lev.* 166.)

2. After verdict, it is to be intended, that malice was proved. (13 *Johns. Rep.* 74.)

3. If the sense and meaning of the words spoken, are the same as those of the words alleged, it is sufficient. (8 *Johns. Rep.* 74. *Buller's N. P.* 5.)

4. The defendant below did, in substance and effect, charge the plaintiff's wife with perjury; for he contended, that the distance was such, that she could not see the dog touch the steer, &c.

5. The justification set out on the record, shows the materiality of the distance, as to the fact sworn to by Mrs. *Gray.*

6. The justification was not made out by the defendant below.

7. The jury were not misdirected by the Court, whose duty it is to charge as to the law, or whether a justification had been made out or not, or whether the plaintiff had supported his action.

WOODWORTH, J. delivered the opinion of the Court. The verdict and judgment having been entered on the third count only, the first question is, whether it contains a good cause of action. It will be admitted, that the words of themselves are not actionable ; swearing to a lie does not necessarily imply that the party has, in judgment of law, perjured himself. (*Hopkins* v. *Beedle*, 1 *Caines*, 347.) In order to sustain an action on the words charged, it is necessary there should be a *colloquium*, referring to the extrinsic circumstances, in relation to which the words were spoken. (1 *Chitty's Pl.* 382. 6 *Term Rep.* 691. 8 *East*, 430.) In the present case, it will be seen, that in the first count, the averment is, that the words were spoken *of and concerning the plaintiff, and of and concerning the trial and the evidence given by the plaintiff in that cause :* These averments are sufficient to show the application of the words, and being applied to the evidence given, the count contains a good cause of action.

The third count contains in substance the same averments, not by giving the title of the cause, and stating so particularly as in the first count, but with equal certainty, by referring to the preceding parts of the declaration. It charges, that the defendant published the words *of the plaintiff, and of and concerning the action tried as aforesaid, and of and concerning the evidence of the plaintiff given on the said trial as aforesaid :* Now, as this reference cannot be mistaken, if the preceding counts are sufficient, it follows that the third count is not defective : The finding of the jury on the 1st, 2d, and 4th counts for the defendant, throws no impediment in the way ; it has no connexion with the question we are considering ; it is enough, that the whole declaration is before us, and that the plaintiff may refer to preceding parts in support of the third count.

The next inquiry is, whether that part of the evidence given by the plaintiff relating to the distance, and to which

the words spoken by the defendant refer, was material. If the defendant had said, " the plaintiff has sworn to a lie," in reference to her testimony, and added nothing more, the words would apply to the evidence generally; and, if any part had been material, this action would be sustained. But it turns out in proof, that the defendant did not speak of the whole evidence given as false, but merely of that part which related to the distance; it therefore became necessary for the plaintiff to show, that this was material on the trial. If it has not been done, the plaintiff has not laid a foundation for a recovery, inasmuch as the evidence averred to be false, is not shown to be material. On the trial of this cause, it was competent to either party to inquire, in reference to what part of the evidence given the words were spoken, and if it appeared they were spoken of evidence entirely immaterial, the plaintiff cannot recover. This doctrine is fully recognised in *Chapman v. Smith,* (13 *Johns. Rep.* 81.) The material fact to which the witness testified, was the injury done to the steer by the defendant's dog. The distance merely, from the house to the corner where the injury was done, could not be material. The charge is not that the witness testified falsely as to worrying the steer, or that there were such obstructions in the way that the witness could not have seen, but is confined singly to the distance, which the witness thought was thirty or forty rods. I do not perceive the materiality of this part of the testimony. The witness stated, that she saw the dog attack the steer; she was further questioned as to the place where she was standing at the time. Her answer may be considered material, so far as it goes to support the principal fact proved. If the witness testified that she was standing at a place within view, this would be in support of the principal fact, and consequently material; but here the charge has reference solely to the computation of distance made by the witness; whether true or false, it did not affect the question then on trial. The witness said there were no obstructions in the way; this also may be considered material, because it is somewhat in corroboration of the evidence given as to the plaintiff's injury, by showing that the witness was in a situation to see distinctly what took place. A charge of false swearing, in this

ALBANY,
January, 1823.

CROOKSHANK
v.
GRAY.

respect, would be actionable.    Admitting the distance to be one hundred and six rods, and that the witness said thirty or forty, the distance, in either case, would not prevent a distinct view; perhaps, in the one case, the marks of the steer, or the degree of injury, might be more perceptible than in the other; but to these her testimony did not refer.   She stated that she saw the dog worry the steer; whether the distance was thirty or one hundred and six rods, she might with equal certainty prove that fact.   Beyond all doubt, any credible witness standing at the distance of one hundred rods, and testifying to the principal fact, as the plaintiff has done, would be entitled to belief.   If this be correct, then it follows, that stating the distance to be thirty rods, cannot be material; the witness was sufficiently near to observe all that she has stated.   On a review of the whole case, it does not appear, that the defendant charged the plaintiff with swearing falsely, as to a fact material to the issue on trial, and consequently the words are not actionable.

The exception to the opinion of the Court below, in refusing a nonsuit, was well taken.   It becomes unnecessary to examine, whether the words spoken were true.   The crime of perjury is not imputed.   It very satisfactorily appears, that none was committed.   No criminality attached to the plaintiff, for the mistake as to the distance; it was opinion merely, and that given with some hesitation.   The witness did not profess to speak with certainty; she said she knew nothing of distances.   According to the view I have taken of this cause, the charge of the Court was incorrect; and the judgment ought to be reversed, and a *venire de novo* awarded, returnable before the Court below.

Judgment reversed, accordingly.