## Ross *ads.* A. Rouse.

THIS was an action on the case for *slander*. The plaintiff was a witness in a case submitted to arbitration between the defendant and one Timothy Rouse, and whilst he was testifying, the defendant, addressing him, said : " Every word you have sworn to is false." And immediately after the arbitration, in the bar-room of the house where the arbitration was holden, said : " A. Rouse has sworn to a lie, and I can prove it." The defendant proved by Henry A. Wisner, that disputes had existed between the defendant and Timothy Rouse as to the extent of certain privileges secured to each of the parties by a written contract under seal, entered into by them on the sale of a farm by Ross to Rouse ; that the subject was submitted to arbitration ; and the sole matter in dispute between the parties before the arbitrators, was as to the extent of those privileges to which they were respectively entitled, under and by virtue of that contract ; that the plaintiff in this action was called by Timothy Rouse, to prove the conversations and agreements between the parties previous to the contract being drawn up and executed ; that the testimony was objected to on the part of Ross; that the arbitrators decided that the testimony was illegal and improper, but that they would hear it, and they would be able to decide better, by hearing the whole story. The plaintiff, Anthony Rouse, was then sworn ; and his testimony related solely to the agreement between the parties previous to the execution of the written contract. The plaintiff next offered in evidence the arbitration bond, for the purpose of shewing that the submission was general. It submitted a dispute between the parties respecting the possession or right of possession of certain messuages, lands and premises, *and* a certain farm sold by Ross to Rouse.

The counsel for the defendant submitted to the presiding judge, whether the words spoken in reference to testimony which was irrelevant and illegal, were actionable. The judge

*In an action of slander, for words charging a party with false swearing before arbitrators, the evidence alleged to have been false must be shewn to have been material. Where the only matter in dispute before arbitrators was as to the extent of the rights of parties growing out of a written and sealed agreement, evidence of a conversation and agreement between the parties relative to those rights, had previous to the agreement being reduced to writing and executed, was held to be immaterial ; and words alleging such evidence to be false, were adjudged not to be actionable, altho' the arbitrators admitted the evidence, after deciding it to be illegal and improper, and although the witness believed he was giving material evidence.*

decided, that although the arbitrators held that the testimony was immaterial, yet, as they heard it accompanied with the declaration, that they could decide better by hearing the whole story, and as the witness testified under the sanction of an oath, and the belief that he was giving material testimony required by the authority of the arbitrators, the words spoken were actionable, and he so charged the jury. The counsel for the defendant excepted. The jury found for the plaintiff, with $58 damages.

*W. M. Oliver*, for defendant, moved to set aside the verdict. Words spoken, to be actionable, must impute a crime or misdemeanor, for which corporal punishment may be inflicted in a temporal court. (6 *Cowen*, 88. See also Blackstone's definition of slander, 3 *Black. Comm.* 123.) If the testimony given by the plaintiff had been false, he could not have been punished for *perjury*, because it was totally immaterial to the question before the arbitrators. The words spoken must refer to material testimony. (20 *Johns. R.* 344.)

*J. McAllister*, for plaintiff. It is manifest that the arbitrators did not consider themselves confined to decide upon the rights of the parties, as growing out of the written contract. They said they could decide better by hearing the whole story, and received the testimony of the plaintiff. Not being bound by the strict rules of law, they had a right to weigh the whole evidence before them, parol as well as written, and to decide as the equity of the case might require. The evidence, therefore, may have had an influence on their decision ; and if so, it was material. The counsel cited 10 *Johns. R.* 167 ; 6 *Cowen*, 76 ; 7 *Cowen*, 725.

*By the Court*, SUTHERLAND, J. The words proved were, substantially, that the plaintiff had sworn falsely upon the trial before the arbitrators. These words are not actionable in themselves. A witness may swear falsely without committing perjury. If the whole testimony given upon that trial by the plaintiff, was *immaterial*, then no action can be sustained against the defendant for having said it

was false. The evidence alleged to have been false, must be shown *to have been material.* (*Hopkins* v. *Beedle*, 1 *Caines*, 347. *Chapman* v. *Smith*, 13 *Johns. R.* 81. *Crookshank* v. *Gray*, 20 *Johns. R.* 344.) Henry A. Wisner testified, that he was the attorney and counsel for Ross upon the arbitration between him and Timothy Rouse; that the sole matter in dispute between the parties before the arbitrators, was as to the extent of the privileges which Ross was entitled to under a *written and sealed agreement* between him and Rouse, in a house and farm which he had then recently sold to Rouse; and that the testimony of the plaintiff, Anthony Rouse, which the defendant declared was false, *related exclusively to the conversations between the parties before the written agreement was executed;* that the testimony was objected to at the time as improper, and the arbitrators admitted that it was illegal and improper, but said they would hear the whole story.

There is nothing to contradict or impeach the testimony of Mr. Wisner. The fact, that the submission to the arbitrators did not, in terms, confine them to a determination of the rights of the parties under the sealed contract, is not material. Wisner swears positively that the extent of Ross' privileges, under that contract, was the only matter *in dispute before the arbitrators.* If so, then the testimony of the plaintiff was entirely immaterial; and though admitted by the arbitrators, ought not to have had, and evidently had not, any influence upon their determination of the cause. The judge, however, ruled, that as the arbitrators permitted the testimony to be given, although they declared it was immaterial, and as the witness testified under the sanction of an oath, and under the belief that he was giving material testimony, required by the arbitrators, the words spoken by the defendant in relation to that testimony, were actionable.

The test is not whether the witness believes his testimony to be material; but whether, if false, he can be indicted for perjury. If it is in fact immaterial, whatever may be the opinion of the witness, though it be false, is not perjury. The charge was erroneous, and a new trial must be granted.

New trial granted.