### BYERS vs. VAN DEUSEN.

Under a general *submisson to arbitration* by partners, of all accounts, dealings controversies, demands, &c. as well individually ss partnership concerns and transactions, an *award* giving the joint property to one of the partners, and directing him to pay the other partner a sum in gross, and to discharge and satisfy the debts owing by the firm, is good, and will be supported, especially if there be no evidence that the arbitrators have decided matters not in dispute between the parties.

An award that one of the parties shall have and own in his own right, all the interest which the parties jointly had in a certain *brewery*, near a certain village, cannot be objected to for uncertainty.

Releases need not be awarded, where a specific sum is directed to be paid by one party to the other.

A submission of all demands includes all questions concerning real as well as personal estate.

THIS cause came before the court on a case agreed upon between the parties. The parties on the 13th November, 1828, entered into arbitration bonds, whereby they severally bound themselves to abide the award of three individuals, chosen by them, to arbitrate, award and determine of and concerning all manner of actions, causes of actions, suits, bills, notes, accounts, dealings, bonds, specialties, judgments, executions, debts, demands, controversies, trespasses, damages, injuries, and demands whatsoever, either in law or equity, and as well individually as partnership concerns and transactions or otherwise howsoever, which at any time theretofore had been made; done, suffered or existed, and then existed between the said parties or either of them, so as the said award should be made in writing, &c. on or before the 15th of January then next. Within the specified time the arbitrators made their award, by which, after stating that they had taken upon themselves the burden of the award, and having fully examined and duly considered the proofs and allegations of both parties, they directed Van Deusen to pay to Byers $1076,71 by instalments; to pay a note of $200 at the Central Bank, for the payment of which he and Byers were jointly liable; to pay all the other partnership debts, and all demands for which he and Byers were jointly responsible; they further awarded that Van Deusen should forever

thereafter have, possess, occupy and own in his sole right, all the interest which he and Byers then jointly had in a certain brewery, near the village of Palatine Bridge, and also all the personal property which they then jointly owned, and also all the debts then due to them jointly, and all also books, securities and evidences of such debts; and lastly, they awarded that Van Deusen should pay two thirds, and Byers one third of the expense of the arbitration, specifying the amount. In August, 1829, Byers commenced a suit for the recovery of the first instalment part of the sum of $1076,71, awarded to be paid to him. The issue presented by the pleadings is whether the award is pursuant to the submission. The due execution of the bond and the making of the award was admitted.

*H. Loucks,* for the defendant. The arbitrators exceeded their authority in awarding as to property respecting which there was no dispute. The submission does not confer the power to adjudge that one partner shall take the joint property in severalty, and pay for it such price as the arbitrators shall think proper to designate. 16 *Johns. R.* 205, 227. The title to the real estate, i. e. the *brewery,* is not submitted. 2 *Cowen,* 650. 3 *id.* 70. The award is void for uncertainty, there being no mention of a brewery in the submission. 3 *Cowen,* 70. There are no releases awarded, nor are the controversies directed to cease ; nor is the money directed to be paid, declared to be in satisfaction. 2 *Cowen,* 638. 1 *Saund.* 327, *a, n.* 2.

*Spraker & McVean,* for plaintiff. The arbitrators had the power of a court of equity as well as of a court of law, and their decision is conclusive. 14 *Johns. R.* 96. 3 *Caines,* 156. 3 *Johns. R.* 367. 9 *id.* 38. 7 *Cowen,* 185. The award is consistent with the submission. 2 *Caines,* 327. 15 *Johns. R.* 199. Certainty to a common intent is sufficient, awards being liberally construed. 1 *Caines,* 313. 14 *Johns. R.* 90. What brewery and what debts should go to the defendant were sufficiently described to authorize extrinsic evidence, to render certain what might remain doubtful. The award of releases was unnecessary ; the awarding of a sum of mon-

ey to be paid will be held to be in satisfaction of the matter submitted. 15 *Johns. R.* 197. 2 *Cowen,* 650. 3 *Caines,* 253. 1 *id.* 304.

*By the Court,* SAVAGE, Ch. J. Several objections are taken to this award : 1st. It is said the arbitrators exceeded their powers in awarding the brewery to the defendant, and the personal property, respecting which there was no dispute. The submission is general, and includes all matters. The award states that the arbitrators had taken upon them the burden of the award ; and having fully examined and duly considered the proofs and allegations of both the said parties, made their award. As the submission is broad enough to include any thing, and the arbitrators predicate their award upon the proofs and allegations of the parties, the court will not presume that they have decided matters not in dispute ; 2 *Johns. R. R.* 57 ; 13 *id.* 27 ; especially as there is no evidence that such is the fact. Every presumption on the contrary is to be indulged in favor of the award.

2d. It is said the award is void for uncertainty, no brewery having been mentioned in the submission. In *Brown* v. *Hankerson,* 3 *Cowen,* 70, it was not objected that under a general submission the arbitrators could not award concerning the farm, but that the farm was not described. This award is more certain ; it describes a certain brewery near the village of Palatine Bridge, in which the parties had a joint interest. This is sufficiently descriptive, especially as it is not shewn that there is more than one brewery in that vicinity, or that the parties were jointly interested in more than one brewery. An award referring to certain extrinsic circumstances is sufficiently certain. 14 *Johns. R.* 96.

3d. It is objected that releases are not awarded. An award of a specific sum to be paid by one party to the other is final and sufficient without a release. 2 *Johns. R.* 57. 13 *id.* 27.

4th. It is also objected that the title to land was not submitted. A submission of all demands includes all questions concerning real estate as well as personal. The law does not require a specific submission as to one kind of property

more than another. 1 *Ld. Raym.* 114. 2 *Caines*, 327. 15 *Johns. R.* 199. The submission contains general words; and nothing follows to restrict the general words to any specific matter.

On the whole, therefore, I am of opinion that the objections are all untenable, and that the plaintiff is entitled to judgment.