BY THE COURT.
The question may be asked. The circum *175 stánces of the parties may be shown to the jury upon the question of damages. It is obvious that what would ruin one man might be a sum so trifling in the estimation of another as to be no punishment whatever to him.
O. Parish, for the plaintiff,
objected that the affidavit was extrajudicial and void — no perjury couldbe committed by such swearing, and therefore such matter is no bar to the action.
G. Swan, contra.
G. Swan cross-examined the witness,
who said the defendant, when he uttered the slander, was talking about the affidavit that the plaintiff had made before the trial at the justice’s, and it was in reference to that only that he charged the plaintiff with committing perjury.
Swan then moved for a non suit.
Parish opposed the motion.
O. Parish argued to the jury.
The witness answered that he was a wealthy man.
The plaintiff then rested.
The defendant offered in evidence the affidavit described in the notice.
BY THE COURT. The evidence is inadmissible; this kind of affidavit is not within the statute defining perjury. Whatever offence the party may have committed by swearing falsely to this affidavit, it is clear to us, no legal perjury was committed.
*BY THE COURT. The evidence tends to prove the case; [174 its effect is for the jury The motion is overruled.
THE COURT, to the jury. The charge here is perjury; but if the evidence satisfies you that the conversation and charge related to the affidavit made before the trial at the justice’s court, and was so understood, it must be so limited by you; and inasmuch as perjury could not be committed by the affidavit, the charge could not be perjury. Upon the same principle, to charge a man with being a murderer because he killed a dog, would not sustain an action. If you find that was the case here upon the evidence, the defendant is entitled to your verdict; 20 John. 344.
Yerdict and judgment for the defendant.
*176 [Defendant’s wealth considered in estimating damages; Hayner v. Cowden, 27 O. S. 292, 297.]