## PHINCLE vs. VAUGHAN.

Where in an action for slander, the words alledged to have been spoken by the defendant, as stated in the complaint, were "You have sworn false"—"You have sworn false under oath"—"You have lied under oath;" without any averment that the words were spoken in reference to a judicial proceeding; *Held* that the action would not lie.

Those words are in themselves incapable of a slanderous meaning; and before they can be made significant of crime they must be connected with some proceeding in which perjury might have been committed.

But a charge that the plaintiff had sworn false when under oath, and that if he had his deserts he would have been dealt with in the time of it, may naturally be understood as intended to charge the crime of perjury, and if proved, will sustain an action.

Whether an amendment of the complaint shall be allowed, or not, at the circuit, is a question addressed to the discretion of the judge; and his decision is not the subject of review.

THIS was an action for slander, tried at the Schoharie circuit in June, 1850, before Mr. Justice Parker. The words alledged to have been spoken by the defendant, as stated in the complaint, were, "You have sworn false;" "You have sworn false under oath;" "You have lied under oath." The complaint contained no averment that the words were spoken in reference to a judicial proceeding. After the jury had been empannelled, the defendant's counsel moved for a nonsuit, on the ground that the words charged were not actionable. The judge reserved the question, stating that upon hearing the evidence, it might present a proper case for allowing the complaint to be amended. The counsel for the plaintiff then stated to the jury what he expected to prove, and, among other things, that the defendant had said to the plaintiff, "you have sworn false when under oath, and if you had your deserts you would have been dealt with, in the time of it." The motion for a nonsuit was then renewed, and the court stated that if the words, as stated in the opening of the plaintiff's counsel, were proved and the complaint amended, the action would not be sustained. He therefore declined to allow the amendment, and directed a nonsuit to be entered. The plaintiff's counsel excepted to the decision, and now moved for a new trial.

*R. W. Peckham*, for the plaintiff.

*C. Goodyear*, for the defendant.

*By the Court*, HARRIS, J. There is nothing in the words, as laid in the complaint, which in any way connects them with a judicial proceeding. In themselves, therefore, they are incapable of a slanderous meaning. Such words, before they can be made significant of crime, must be connected with some proceeding in which perjury might have been committed. (1 *Starkie on Slander, Wend. ed.* 22.) It must appear from the accompanying circumstances to have been meant and understood that the false swearing was such as would constitute the offense of perjury. This rule is settled by a line of authorities too inveterate to be questioned. (*Stafford* v. *Green*, 1 *John.* 505. *Hopkins* v. *Beedle*, 1 *Caines*, 347. *Ward* v. *Clark*, 2 *John.* 10. *Vaughan* v. *Havens*, 8 *Id.* 109. *Crookshank* v. *Gray*, 20 *Id.* 344. *Rouse* v. *Ross*, 1 *Wend.* 475.)

But when the words convey to the mind of the hearer an imputation of perjury, the charge is actionable. Thus, in *Pelton* v. *Ward*, (3 *Caines*, 73,) the charge was that the plaintiff had sworn to a lie, for which he stood indicted. It was held that the words necessarily involved a charge of perjury. So the words "he has sworn falsely and I will attend to the grand jury respecting it," were held to be actionable, in *Gilman* v. *Lowell*, (8 *Wend.* 573.) "An intimation," says Savage, Ch. J. "that the plaintiff was indictable for swearing false, necessarily contains an assertion that he has committed the crime of perjury." (*See also Jacobs* v. *Fyler*, 3 *Hill*, 572 ; *Coons* v. *Robinson*, 3 *Barb. S. C. R.* 625.) In the latter case it was held that a charge that the plaintiff swore false, *meaningly* to cut the defendant's throat, amounted to an imputation of perjury. So, in this case, I think the words, "you have sworn false, when under oath, and if you had your deserts, you would have been dealt with in the time of it," might naturally be understood as intended to charge the crime of perjury. To render the plaintiff liable "to be dealt with," for false swearing, he must have

willfully sworn falsely, in a judicial proceeding.   All this, there-
fore, is embraced in the assertion that the plaintiff had deserved
to be dealt with for his false swearing.

If therefore, the amendment had been allowed, I should have
been inclined to hold that the words, if proved, would have been
sufficient to sustain the action.   But whether the amendment
should be allowed or not, was a question addressed to the dis-
cretion of the judge.   His decision is not, therefore, the subject
of review.   Upon the pleadings, as they came before him, the
nonsuit was clearly right.   By those pleadings, too, this court
must be governed, even though it may see that the judge acted
under a misapprehension as to the effect of the amendment, if al-
lowed.   To grant a new trial, under the circumstances which
this case presents, would be, in effect, to reverse the decision
of the judge at the circuit in refusing leave to amend the
complaint.   This can not be done.   For this reason I am of
opinion that the judgment at the circuit should be affirmed.

Judgment affirmed.

[ALBANY GENERAL TERM, December 1, 1851.  *Harris, Parker* and *Wright,*
Justices.]

--------•◆•--------

12  217
64h 414

12  217
90h 148

12b 217
31ap446

12b 217
63ad515