Dennis *v.* Snell.

Injunction in first action dissolved, with costs. The order appealed from in the second action reversed, and .the injunction which was vacated by it restored and continued, with costs to the plaintiffs, to be paid by the New York and Harlem Railroad Company.

[NEW YORK GENERAL TERM, June 15, 1866. *Geo. G. Barnard, Clerke* and *Sutherland,* Justices.]

---

## DENNIS *vs.* SNELL.

The defendant, being sued as sheriff, for taking and selling on execution property of the plaintiff claimed to be exempt, justified the taking by virtue of an execution issued to him as sheriff, out of the county clerk's office, "commanding him to collect of the goods and chattels of D. &c. $60.84; which P. recovered against them, for damages and costs, on &c., before M., a justice of the peace, &c., a transcript of which was duly filed and judgment docketed in the clerk's office," &c.; not expressly setting up as a defense the · *judgment* on which the execution was issued. The plaintiff having proved, on the trial, the levy upon and sale of his team of horses, wagon and harness, by the defendant; that he was a householder, having a family; that such team was used in their support, and that he had no other property, except some household furniture worth about $50; and that he forbade the sale, claiming the property to be exempt; the defendant offered to prove that the execution "was issued upon a judgment rendered on a note which was given for another horse, which was the plaintiff's exempt team." *Held* that the judgment not having been set up in the answer as a defense, nor alleged to have been for the purchase price of exempt property, the judge was right in refusing to allow the defendant to show its consideration, as a defense to the plaintiff's claim of exemption from levy and sale, on execution, of the property in suit.

The existence of the judgment, in such a case, is new matter, and requires to be pleaded.

When an officer sees fit to go beyond the power of the process, or for any other reason, when sued, it becomes necessary for him to prove a judgment, he, no more than any other party, can do so, without having alleged its existence, in his answer.

An application for leave to amend a pleading, on the trial, is always addressed to the discretion of the court; and if denied, is not the subject of appeal or review.

Dennis *v.* Snell.

Where the real defense is new matter, viz., a justification for taking property under a judgment and execution, if the defendant is an officer, and relies entirely upon the execution, as a defense, and nothing beyond it, it is sufficient for him merely to set forth the fact; but if he desires to go farther, or it becomes necessary to inquire into the consideration of the judgment, he must plead such judgment, and set it forth in his answer. And having averred the existence of a judgment, he will be at liberty to prove it, and then to show its consideration, without having averred it, if material to answer any fact proved by the plaintiff.

THIS was an action against the defendant as sheriff, for taking and selling on execution property alleged to be exempt.

The complaint averred that the defendant was sheriff of Montgomery county; that in May, 1864, by his deputy, he took away and converted certain property of the plaintiff's, of the value of $232; that the plaintiff was a householder, and had a family for which he provided, and that said property was his team used in their support.

The answer, after denying most of the allegations of the complaint, for further answer, justified the taking by virtue of an execution issued to the defendant as sheriff, out of the clerk's office of Montgomery county, " commanding him to collect of the goods and chattels of Alonzo F. Dennis and another, $60.84; which Joseph Platner recovered against them for damages and costs, on the 2d day of May, 1863, before Charles McLean, a justice of the peace of the county of Otsego, a transcript of which was duly filed and judgment docketed in the clerk's office of Montgomery county, April 1st, 1863, (as it is stated in said execution,) and if sufficient goods," &c.; that said defendant was sheriff of said county of Montgomery; that said property was duly sold, &c.

On the trial, the plaintiff proved that the defendant was sheriff; that one La Rue was his deputy; that La Rue, by virtue of an execution, as set forth in the answer, levied upon one bay horse, one bay mare, one double harness and one double lumber wagon, the property of the plaintiff, and

Dennis v. Snell.

sold the same; that their value was $225; that at the time the plaintiff was a householder and had a family for which he provided; that this was his team used in their support; that he had no other property, except some household furniture worth about $50; and that the plaintiff forbade the sale and claimed the property as exempt.

The defendant thereupon offered to prove that the execution in question "was issued upon a judgment rendered upon a note which was given for another horse, which was the plaintiff's exempt team." The plaintiff objected to this proof, on the ground that it was inadmissible under the pleadings as evidence, and that the defendant had not set up any such matter as a defense in the answer. The court sustained the objection, and the defendant excepted.

The defendant then asked leave to amend his answer, to which the plaintiff's counsel objected, and the court declined to allow the amendment, and the defendant excepted.

When the plaintiff rested, the defendant moved for a nonsuit, on the following grounds: "1st. That the plaintiff has not shown by the proofs that the property taken and sold was exempt property; nor did it appear from the pleadings. 2d. If he has shown the property exempt, then the seizure thereof upon the execution was without the command of the process, and the defendant is not liable." The court denied the motion, and the defendant excepted.

The defendant then offered to prove the judgment upon which the execution in evidence was issued, and to show that it was rendered for another horse which was exempt. This was objected to on the ground that no judgment had been set up in the answer, and no allegation that it was for the purchase price of exempt property. The court sustained the objection, and the defendant excepted.

The court submitted the question of value to the jury,

and, upon their finding, directed a verdict for the amount for the plaintiff.

*Smith & Countryman*, for the plaintiff.

*A. H. Ayres*, for the defendant.

*By the Court,* JAMES, J.   The motion for a nonsuit was properly denied.   It was made clearly to appear that the property which the defendant took and sold was exempt from levy and sale on execution.   I cannot find any thing in the case on which to sustain the other ground for non-suit.   If it was based on the idea that the execution contained a direction excepting exempt property from its operation, that fact should have appeared in the case, either by statement, or a copy of the writ set forth, in order to raise the point on appeal.   In the absence of all evidence of such exception, the court cannot assume that the writ contained such a direction, although that may be the usual form.   Therefore the point cannot be considered.

An application for leave to amend a pleading on the trial is always addressed to the discretion of the court; and, if denied, is not the subject of appeal or review. (*Phincle* v. *Vaughan,* 12 *Barb.* 215.   *New York Marbled Iron Works* v. *Smith,* 4 *Duer,* 362.   *Hendricks* v. *Decker,* 35 *Barb.* 298.)

The complaint in this case set forth the whole grounds of the plaintiff's cause of action, viz., that the defendant was sheriff, La Rue his deputy, the taking and conversion of property under and by virtue of an execution against him, and that such property was exempt.   It set forth more than was necessary.   The cause of action was complete without any statement of the reason or authority for taking the property, and its exemption. (*Butler* v. *Mason,* 16 *How.* 546.)   Such allegations were no part of the gist of the cause of action, and were not necessary to be proved

Dennis *v.* Snell.

in the first instance, to entitle the plaintiff to recover. (*Bedell* v. *Carl*, 33 *N. Y. Rep.* 581. *Esselstyn* v. *Weeks*, 2 *Kern.* 635. *Sands* v. *St. John*, 36 *Barb.* 628, 631.) The proof of such facts could only become necessary to meet a defense, and could then be given in evidence without having been pleaded. (*Esselstyn* v. *Weeks, supra.*) Therefore the averment of these facts in the complaint did not impose upon the defendant the necessity of averring in his answer any facts other than such as were necessary to answer the material allegations of the complaint. In other words, the defendant was not compelled to set up in his answer the non-exemption of the property sued for, or be excluded from proving it on the trial, merely because the plaintiff averred its exemption in the complaint. The Code only requires the complaint to contain a plain and concise statement of the facts constituting the cause of action; in this case, that the defendant by his deputy took and converted his property and its value. The answer only required a general or specific denial of each material allegation, or the statement of new matter constituting a defense or counter-claim. In this case the real defense was new matter—a justification under a judgment and execution. But as the defendant was an officer, if he relied entirely upon the execution, and nothing beyond it, it was sufficient for him, in such case, merely to set forth the fact; but if he desired to go farther, or it became necessary to inquire into the consideration of the judgment, it would be necessary to plead such judgment and set it forth in his answer; and having averred the existence of a judgment, he would be at liberty to prove it; and would then be at liberty to show its consideration, without having averred it, if material to answer any fact proved by the plaintiff.

The theory of such a trial is this: The plaintiff having averred the tortious taking of his property by the defendant, proves the act and the damage, and rests. The

Dennis *v* Snell.

defendant having set up that he took it as an officer, by virtue of an execution against the plaintiff's goods and chattels, proves such execution, and rests. The plaintiff then, as he may without argument, because the Code allows no reply to new matter constituting a defense in an answer, prove that he is a householder, with a family, and that the property taken was his team; that would take the property without the execution. Then before the defendant can be permitted to overcome this, by proof of the consideration of the judgment, he must first establish his judgment. The existence of the judgment was new matter, and required to be pleaded. If the property in controversy had not been exempt property, an execution fair on its face would protect the officer, even though there was no legal judgment to back it, and therefore the existence of a judgment for that purpose need not be averred. This is merely for the personal protection of the officer executing process; but when the officer sees fit to go beyond the power of the process, or for any other reason, when sued, it becomes necessary for him to prove a judgment, he, no more than any other party, can do so without having pleaded its existence, in the answer.

Therefore, for the reason that the judgment on which the execution was issued was not set up in the answer, the judge at circuit was right in refusing to allow the defendant to show its consideration as a defense to the plaintiff's claim of exemption from levy and sale, on execution, of the property in suit.

Judgment affirmed.

[SCHENECTADY GENERAL TERM, January 2, 1866. *Bockes, James, Potter* and *Rosekrans,* Justices.]