# Olmstead v. Thompson.

## *Trespass against Plaintiff in Writ of Restitution.*

1. *Execution prematurely issued.*—An execution prematurely issued, but otherwise regular, is voidable only, and must be respected and enforced; and it can not be collaterally assailed, even by the defendant himself.

2. *Writ of restitution, on judgment in unlawful detainer; appeal, and supersedeas.*—In an action of unlawful detainer, judgment being rendered for the plaintiff, the mere taking of an appeal does not prevent the issue of a writ of restitution, unless a *supersedeas* bond is also given (Code, §3401); and if no bond has been given, the writ may be issued before the expiration of the ten days allowed for taking an appeal.

3. *Justification under legal process.*—When a sheriff, or other officer, justifies under legal process, he is only required to plead and prove the execution, or other process; but, when the plaintiff in the process, being sued in trespass, justifies under it, he is required to plead and prove also the judgment on which it issued.

4. *Same; pleading judgment.*—In such plea by the plaintiff in the process, relying on his judgment in an action of unlawful detainer, the names of the parties should be stated, with the fact and date of its rendition, the justice by whom it was rendered, and that he had jurisdiction; or the judgment itself may be set out *in hæc verba*.

Appeal from the City Court of Anniston.

Tried before J. A. W. SMITH, as special judge.

This action was brought by Percy Olmstead, against C. A. Thompson and J. D. Thompson, and was commenced on the 11th January, 1888. The complaint claimed damages for an alleged trespass by the defendants in forcibly entering

[Olmstead v. Thompson.]

plaintiff's dwelling-house, ejecting him and his family, and re moving their furniture. The defendants pleaded (1) not guilty, and (2) a special plea of justification, which alleged that the only connection they had with the alleged wrong and injury complained of "was to be present and receive from the sheriff of said county the possession of said dwelling, which premises were taken from plaintiff's possession, by said sheriff, legally and in a proper manner, under and by virtue of a writ of possession, or restitution, in favor of defendants and against said plaintiff, issued by S. B. Brewer, a justice of the peace of Calhoun county, on a valid judgment rendered by said justice, in an action of unlawful detainer, in favor of said defendants and against plaintiff; which said writ is in the following words and figures," setting it out. The writ was dated November 14, 1887, and was issued on a judgment rendered on the 12th of November.

The plaintiff demurred to the special plea, on these grounds : (1) that it is not responsive to the complaint; (2) that it is argumentative; (3) that it undertakes to set up justification under legal process, and does not set out the processs, nor show that it gave any authority to do the acts complained of; (4) that it does not show the character of the judgment on which the process issued, or that it was such a judgment as authorized the issue of such writ; (5) that it states only a legal conclusion. The court overruled the demurrer, and the plaintiff then filed a special replication, alleging that said writ, if issued by said Brewer, "was issued by him illegally, wrongfully, improperly or neglectfully, in this, that said writ was so issued and executed within three days after the rendition of said judgment, and after plaintiff, the defendant in said judgment, had prayed for and given notice of an appeal in said cause; and this before the expiration of the ten days allowed by law for taking appeals and executing the bonds required in such cases." The court sustained a demurrer to this replication, and, the plaintiff declining to take issue on the defendant's pleas, or to further reply," rendered judgment for defendants.

The rulings on the pleadings are assigned as error.

Gordon Macdonald, for appellant, cited 1 Chitty's Pleadings, 540, 570; Waterman on Trespass, vol. 1, § 467; *Kendall v. Powers*, 4 Metc. 553; *Sullivan v. Jones*, 2 Gray, 570; *Lewis v. Palmer*, 6 Wend. 357.

Blackwell & Keith, *contra*, cited *Morgan v. Evans*, 22 Amer. Rep. 154; *Steele v. Tutwiler*, 68 Ala. 110; 15 Amer. Dec. 589, note; *Regan v. Washburn*, 3 So. Rep. 178.

[Olmstead v. Thompson.]

COLEMAN, J.—The rule is settled in this State, and is settled by the decided preponderance of authority, that the premature issuing of an execution is voidable, and not absolutely void—being merely an irregularity—and the process must be respected, and may be enforced, until vacated in a manner prescribed by law. It can not be collaterally assailed, even by the defendant himself.—*Steele v. Tutwiler*, 68 Ala. 107; 1 Freeman on Executions, (2d Ed.) § 25.

The judgment in controversy in this case was rendered by a justice of the peace, on November 12th, 1887. The writ of restitution was issued two days afterwards. If it be conceded that there is any force in the suggestion, that it was irregular to issue such process before the expiration of the ten days allowed by statute for the taking of an appeal in cases of unlawful detainer, and after notice of such appeal had been given; yet, no *supersedeas* bond being given, the process would be voidable only, and not void.—Code, 1886, §§ 3398 *et seq.; Olmstead v. Brewer, ante,* p. 124.

An execution, or other like process, which is voidable only, and not void, affords full and ample protection, not only to the officer who obeys its mandate, but, until avoided, it also protects the party at whose instance it issued, and was executed. *Cogburn v. Spence*, 15 Ala. 549; *Averett v. Thompson, Ib.* 678; 1 Freeman on Executions, §101; 1 Waterman on Trespass, § 467.

This principle is as fully applicable to the process issuing on a judgment rendered by a court of *limited* jurisdiction as to one of general jurisdiction, if the subject-matter of the suit is within that jurisdiction, and nothing appears on the face of the process to show that the person was not within it.—*Savacol v. Boughton*, 21 Amer. Dec. 181; *Parker v. Walrod*, 30 Amer. Dec. 124; *Sheldon v. Vanbuskirk*, 2 N. Y. 477; *Mathis & Co. v. Nixon*, present term.

But, independently of the foregoing consideration, the mere taking of an appeal, in cases of forcible entry, or of unlawful detainer, does not, by the express provision of the statute, prevent the issue of a writ of restitution, unless the defendant also executes a *supersedeas* bond with sufficient sureties. Code, 1886, § 3401. The replication to the defendant's plea nowhere avers that a *supersedeas* bond was given, when the alleged appeal was taken in the unlawful detainer suit before the magistrate's court.

The point is raised, however, by the appellant, that the plea of justification set up by the defendants in this case, which is an action of trespass, should have more fully described the judgment on which the writ of restitution was issued. While

[Marcy v. Howard.]

this writ is set out in *hæc verba*, the judgment is described as "a valid judgment rendered by said justice [one S. B. Brewer] in an action of unlawful detainer, in favor of said defendant, against said plaintiff."

While it is sufficient for the sheriff, or other officer executing the process, to plead and prove the *execution* without the judgment, in a plea of justification for an alleged trespass, the rule is different where the plaintiff in a former suit, as here, or a stranger to the process, is sued. He must not only prove the execution, but also the judgment; and where he is compelled to prove it in a plea of justification, he is required to plead it. 1 Waterman on Trespass, § 467; *Dennis v. Snell*, 54 Barb. 411; *Shaw v. Davis*, 55 *Ib*. 389; 2 Greenl. Ev. §629.

The subject-matter of unlawful detainer being one of which justices' courts have jurisdiction conferred by statute, the court will take judicial knowledge of this statute. But, unlawful detainer being cognizable only before a justice of the peace of the county in which the offense is committed, the fact should be averred that the court rendering the judgment had jurisdiction.—Code, 1886, § 3378.

In describing the judgment, the plea should give the parties, the date, the justice by whom it was rendered, the amount when for money, and aver the fact of its rendition; or else, the judgment itself may be set out in *hæc verba.*—*Masterson v. Matthews*, 60 Ala. 260.

The foregoing opinion was prepared by Judge SOMERVILLE, before his resignation, and adopted by the court.

Reversed and remanded.