## Milwaukee Harvester Co. v. Charles T. Newell et al.

1.  GUARANTIES—*For Collection and for Payment—Distinction Between.*—A guaranty for the collection of a promissory note and a guaranty for the payment of it are distinct undertakings.   A guaranty for the collection of a note simply obligates the guarantor to collect or pay if collection can not be made from the maker; and diligent prosecution of the maker by the usual remedies without effect, or showing his insolvency, is a condition precedent to a recovery against the guarantor.

2.  SAME—*By a Partner after Dissolution of the Firm.*—Upon the dissolution of a partnership one of the partners agreed to attend to the collection or securing of notes taken by him, without extra charge, when requested, and agreed to guarantee the collection of all notes taken by him.   *It was held* that the agreement did not authorize him to guarantee the payment of notes taken by the firm after its dissolution.

**Scire Facias,** to make a person party to a judgment.   Appeal from the Circuit Court of Peoria County; the Hon. THOMAS M. SHAW, Judge, presiding.   Heard in this court at the December term, 1895.   Affirmed. Opinion filed June 1, 1896.

### STATEMENT OF THE CASE.

E. E. Clark and Charles T. Newell, dealing in farm machinery at Wyoming, Ill., from December, 1881, until September 25, 1882, as partners under the firm name of Clark & Newell, entered into a contract with Parker and Dennett of Milwaukee, Wis., to handle their machinery for the season of 1882, and agreed to attend to the collection or securing of all notes taken for machinery sold to their customers when requested, and to guarantee the collection of all notes taken by them where the makers did not make a certain property statement.   In the summer of 1882, four

such notes were taken without the property statement, two for $145 each, signed by M. M. Baker, and two for $100 each, signed by John Wagner, all payable to order for Dennett Harvesting Company.

The firm dissolved September 25, 1882. The published notice of dissolution required the debts due the firm to be paid to Newell. The four notes mentioned, with other papers, were placed in the hands of John Decker, an attorney. Clark obtained possession of the notes, and delivered them to the Dennett Harvesting Company, which company assigned them to appellant. Clark made the following indorsement on each one of the notes: "For value received, I hereby guarantee the payment of the within note and waive protest, demand and notice of non-payment thereof.

CLARK & NEWELL."

Suit was commenced upon the guaranty to the October term, 1893, of the Circuit Court. Service was obtained against Clark. He made default, and judgment was rendered against him for $906.14.

The case was continued from term to term for service of a *scire facias* upon Newell to make him party to the judgment. When served, Newell appeared and filed pleas denying the guaranty and joint liability with Clark.

At the May term, 1894, the cause was tried by the court without a jury, resulting in a finding and judgment for Newell.

ARTHUR KEITHLEY and LYSANDER CASSIDY, attorneys for appellant.

Notice of dissolution must be brought home to release partners from liability upon subsequent dealing in due course of business to one with whom the firm had been dealing prior to the dissolution. Southern v. Grim, 67 Ill. 106; Holtgrave v. Wintker, 85 Ill. 470; Spurck v. Leonard, 9 Ill. App. 174.

The acts of either partner, notwithstanding dissolution, will continue to be obligatory upon the others until due no-

tice of dissolution is given. Price v. Towsey, 3 Litt. (Ky.) 423; Ketcham v. Clark, 6 Johns. (N. Y.) 144.

A partnership once formed is considered as continuing as to third persons, until notice is had of its dissolution. Thurston v. Perkins, 7 Mo. 29; Shecker v. Conn, 90 Ind. 469.

The dissolution of a partnership does not release it from contracts previously entered into and unfulfilled. Each partner, therefore, has the power to complete the contract and to bind the other partners by his acts in so doing. 17 Am. & Eng. Ency. 1150.

When a firm was under obligation to execute a guaranty, and one of the members thereof, after the dissolution of the firm, executed it, the other members of the firm were bound thereby. Star Wagon Co. v. Sweezy, 59 Iowa, 609; Richardson v. Mores, 31 Mo. 430.

STEVENS, HORTON & ABBOTT and J. A. CAMERON, attorneys for appellees.

The guaranty is a guarantee of collection, not of payment; upon such a guaranty the diligent prosecution of the original debtor by the usual legal remedies without effect, is a condition precedent to the right to resort to the guarantor. Dyer v. Gibson, 16 Wis. 584; Eddy v. Stanton, 21 Wend. 255; Dwight v. Williams, 4 McLean, 581.

See, also, 3 Am. & Eng. Ency. of Law, 312; Cumpston, Surviving Administrator, v. McNair, 1 Wend. 457; Moakley v. Riggs, 19 Johns. 69; Thomas v. Wood, 4 Cow. 173; Loveland v. Shepherd, 2 Hill, 139.

MR. JUSTICE HARKER DELIVERED THE OPINION OF THE COURT.

This is an appeal from a judgment in favor of appellee, who was sued jointly with E. E. Clark upon a guaranty of payment indorsed upon four promissory notes by Clark for the firm of Clark & Newell.

The suit was defended by Newell upon the ground that Clark made the indorsement without authority. Newell testified that the indorsement was not made until after the dissolution of the partnership. He is corroborated by John

E. Decker, an attorney, who had the notes in his possession at the time and for a few days after the dissolution. Notwithstanding the denial of Clark, the court was justified in finding that he made the indorsement after the dissolution and without the knowledge or consent of Newell.

It is insisted, however, that Clark had the authority to sign the firm name to the guaranty on the notes, after the dissolution of the partnership, for the reason that in so doing he was simply completing a contract which the firm had undertaken and which remained unfulfilled at the time of dissolution; such obligation, it is contended, appears from the 9th article of the agreement with Parker and Dennett under which the machines were consigned to the firm of Clark & Newell and sold to the makers of the notes. It reads:

" The party of the second part agrees to attend to the collection or securing of notes taken by him, without extra charge, when requested, and agrees to guarantee the collection and does hereby guarantee the collection of any and all notes taken by him which do not show a property statement in all respects as required in article 7."

It will be observed that the guaranty contained in this article is for the collection of certain notes, and not for the payment of them. A guaranty for the collection of a promissory note and a guaranty for the payment of it are distinct undertakings. A guaranty for the collection of a note simply obligates the guarantor to collect or pay if collection can not be made off the maker, and diligent prosecution of the maker by the usual remedies without effect, or showing his insolvency, is a condition precedent to a recovery against the guarantor. Newlan v. Harrington, 24 Ill. 207; Cumpston v. McNair, 1 Wendell, 475; Dyer v. Gibson, 16 Wis. 584.

Clark was not authorized to make the indorsement after the dissolution. Judgment affirmed.