By the Court,

Conven, J.
The arbitrators appear plainly • enough to have acted Nvithin their authority. And the only objection Nvhich perhaps, in the absence of adjudication, might lead us to doubt, lies in that part of the award requiring the plaintiff to pay the debts due from the parties, after retaining so much of the sums aNvarded to him; and then if any balance remain, to distribute it among the parties. I perceive that in Byers v. Van Dusen, (5 Wendell, 268,) an award that one of the parties should pay all partnership debts, and all demands for Nvhich both parties were liable, was not even questioned as being too uncertain. However, this part of the award does not appear to have been declared on, and perhaps avas not necessarily in issue. But the principle of other cases would seem to sustain it clearly enough. For aught we can see or is averred, the debts due in the case before us might be quite easy of liquidation, perhaps were agreed on by the parties; and if a thing extrinsic ordered to be done by an aNvard may be certain, the rule now is to intend that it is certain till the contrary appear by averment. Several cases to this point are stated in Watson on Arbitration and Award, 104, 122 et seq. where the awards on their face appeared to be even more uncertain than this; and yet were sustained as .sufficiently certain.
Bronson, J. being related to one of the parties, gave no opinion.
Judgment for plaintiff.(a)

 See Butler v. The Mayor, &c. of New-York, (1 Hill, 489.)