**1809.**

*Sunbury,*
*Wednesday,*
*July 12.*

PACKER *against* SPANGLER and Wife.

IN ERROR.

*" She swore a*
*" false oath, and*
*" I can prove it,"*
not actionable;
nor are the
words helped
by an *innuendo* of
perjury.

ERROR to the Common Pleas of *Centre* county.

*Spangler* and Wife declared against *Packer* in the court below for slander of the wife. The declaration contained four counts, the last of which charged that the defendant in a certain discourse concerning the wife, " published and " proclaimed the false feigned malicious and opprobrious " *English* words following, of and concerning the said *Bar-* " *bara*, in the presence and hearing of &c.; that is to say, *she* " (meaning the said *Barbara*, wife of the said *Peter Spangler*) " *swore a false oath*, (meaning that the said *Barbara* had " been guilty of the crime of wilful and corrupt perjury) *and* " *I can prove it.*" The defendant pleaded not guilty, with leave to justify. Upon the trial, evidence was given upon all the counts, and the jury found a general verdict for the plaintiff, five hundred dollars damages, which were levied by execution.

*S. Riddle* for the plaintiff in error referred to the case of *Holt* v. *Scholefield*, *(a)* and that of *Ward* v. *Clark* *(b)* as decisive of the question; the words themselves not imputing the crime of perjury, and there being nothing in the *colloquium* which did, nor any thing in the *innuendo* which could, extend their signification.

*Huston* for the defendants in error, relied upon the case of *Rue* v. *Mitchell* *(c)* as having extended the effect of an *innuendo* so far, as to communicate to the words used by the defendant below, such a meaning as would support the count. But

PER CURIAM. The precise point has already been determined by this Court, in the case of *Schaffer* v. *Kintzer*. *(d)*

*(a)* 6 *D. & E.* 691.                    *(c)* 2 *Dall.* 58.
*(b)* 2 *Johnson* 10.                      *(d)* 1 *Binney* 537.

The words are not actionable, nor can the *innuendo* help them; and therefore the judgment must be reversed. At the same time the Court award restitution of the money levied by execution in the common Pleas, and a *venire facias de novo*.

> Judgment reversed
> and *venire de novo*.