VAUGHAN *against* HAVENS.

IN error, from the court of common pleas of *Essex* county.

This was an action of *slander.* The declaration contained six counts. The first, second, third and fourth counts, charged the defendant below with having said of the plaintiff below, " You swore false : You took a false oath." (Meaning that he had perjured himself.) The fifth and sixth counts charged the defendant with saying of the plaintiff, " You have been guilty of perjury." The defendant below pleaded the general issue, with a notice that he would prove, at the trial, that the plaintiff had committed perjury, on the execution of a writ of inquiry, before the sheriff.

There was a general verdict on all the counts, on which the court below gave judgment. The case was submitted to the court without *argument.*

SPENCER, J. delivered the opinion of the court. It has been frequently decided in this court, that to charge a person with having sworn false is not actionable, unless there be a *colloquium,* (and there is none in this case,) concerning a proceeding in a court of competent jurisdiction, and the words are alleged to have been spoken in reference to that proceeding.*(a)* It has also been repeatedly decided that an *innuendo,* enlarging the natural meaning and import of the words, is inadmissible and naught.

*To say of a person, " he has sworn false," or " has taken a false oath," is not actionable ; and the meaning of the words cannot be enlarged by an innuendo. Yet these words may be aided so as to support the declaration, if the defendant in his plea of justification, allege or confess that he spoke the words by reason of a false oath taken by the plaintiff in a court of competent jurisdiction. But if the defendant plead the general issue, and gives notice of his justification, the notice will not help the declaration, for it is not considered as a special plea, nor does it form any part of the record.*

(*a*) See 1 *Johns. Rep.* 505, 506. 2 *Johns. Rep.* 10. 1 *Caines,* 347.

It is also well settled, that when the verdict and judgment are general, and there are some bad counts, the judgment must be reversed; because it is impossible to say whether the damages have not been given on the bad counts, as well as on those which are good.

The principal reliance for the affirmance of the judgment, is on the case of *Drake* v. *Corderoy*, (*Cro. Car.* 288.) in which it was held, that " where the declaration is uncertain, but the defendant, by a special plea on which issue is taken, confesses that he spoke the words, by reason of the plaintiff's oath taken at the sessions, and justifies the plea, that clears the question whereof he intended to speak." The case cited would apply and warrant an affirmance of the judgment, if the notice annexed to the plea could be considered in the light of a special plea; but it cannot. The notice is intended for the ease and benefit of the defendant. He may, or he may not, rely upon it. It has been uniformly held, that it is not an admission of the matters charged in the declaration. The plaintiff is bound, notwithstanding the notice, to prove the facts set forth in the declaration. The notice forms no part of the record, and cannot, therefore, be considered as a special plea, which admits and avoids the cause of action set forth by the plaintiff.

The judgment must be reversed.