The opinion of the Court was delivered by
RICHARDSON, J.
It was not seriously argued that the slanderous words charged and proven, are actionable per se. If it had been contended that they were so, the case from 2 John. 10, Ward v. Clark, and from 8 John. 109, Vaugh v. Havens, would have been a conclusive answer to the argument.
But it was argued, that inasmuch as there was a colloquium (prefatory averment), laid in the declaration, by which the words were made to relate to and mean a charge of perjury, ^supposed to have been com-J mitted by the plaintiff, when giving evidence in a named judicial proceeding, that the testimony should have been left to the jury to determine if the allegation of a colloquium had not been made out, and thereby the words constitute a charge of perjury.
Every material allegation must be proven ; and if there be any evidence adduced to prove it, the jury are to determine if the proof be full and conclusive. But if there be no proof of the allegation, the judge is to decide; for then there is no case to be submitted to the jury. Now there was not a word proven of the colloquium, without' which, the words were not actionable, for the addition of “before ’Squire Lamkin,” is sui;ely no colloquium of a judicial proceeding ; and the mere allegation in the declaration cannot prove itself. It follows, that the words not being actionable in themselves, and not being changed from their usual import, by attending circumstances actually proven, the nonsuit was proper, and the motion is dismissed.
Colcock, Noit, Gantt and Johnson, JJ., concurred.
See 3 Strob. 454 ; 2 Sp. 592; 2 McC. 222.