# Tipton *against* Kahle.

· In slander, the words " he swore me out of a sum of money," are not actionable.

The purport of words spoken may be laid in the declaration; but it is not permitted to drop altogether both the language and ideas uttered, and sum up all in one round charge, and leave it to the jury to say whether the words proved amounted to that charge.

WRIT of error to the court of common pleas of *Venango* county.

This was an action of slander brought by Frederick Kahle, the defendant in error, against the plaintiff in error, Lee Tipton. The declaration set forth, that Tipton had uttered words concerning Kahle, " in substance as follows, to wit : ' he is perjured, and swore me out of a sum of money, and will swear any thing, and is a damned rascal : he is a thief, and I can prove it' (meaning that he, the said Frederick, was guilty of the crime of perjury, and was a base wicked and abandoned wretch, and would swear any thing, and meaning that the said Frederick was guilty of the crime of larceny, and he, the said Lee, could prove it)." On the trial of the cause in the court below, it was proved Tipton had said that he had given Kahle leave to swear; that Kahle had sworn him out of a sum of lent money before Esquire Martin; and that Kahle was a thief, and had stolen apples.

The following points were submitted by Tipton's counsel.

1. That the words " he swore me out of a sum of money," do not support the charge in the declaration, that defendant said the plaintiff had committed perjury.

2. That the words, " he swore me out of a sum of money" are not actionable.

3. That if the jury believe there was a suit before Esquire Martin, between the plaintiff and defendant, and defendant agreed that plaintiff might make his oath as to certain facts, the oath so made is an extra judicial affidavit, and saying afterwards that the plaintiff had sworn him out of a sum of money in that case, is not actionable.

4. That to say of another, " he swore me out of a sum of money" without more, or adding it was before Esquire Martin, is not actionable in itself, and cannot be made so without producing the record

` [Tipton v. Kahle.]

of a case before that justice, in which the party could be judicially sworn, and had been sworn as a witness.

Errors assigned.

1. In laying the words in the *narr.* " in substance."
2. In the court's not charging as requested on all the defendant's points.

*Pearson,* for plaintiff in error.

We contend it was error to lay the words in the declaration *in substance.* Yundt *v.* Yundt, 12 *Serg. & Rawle* 427; Ward *v.* Clark, 2 *Johns.* 10; 2 *Ch. Pl.* 235; 2 *Saund. on Pl. & Ev.* 798, 799.

The words are not actionable without a *colloquium.* Shaffer *v.* Kintzer, 1 *Binn.* 537; Packer *v.* Spangler, 2 *Binn.* 60; Ward *v.* Clark, 2 *Johns.* 10; Stafford *v.* Green, 1 *Johns.* 505; Crookshank *v.* Gray and wife, 20 *Johns.* 344; Hopkins *v.* Beedle, 1 *Caines's Rep.* 347; 6 *Bac. Ab.* 207; 2 *Saund. Pl. & Ev.* 368; *Stark. Ev.* 867, *note.* Where extraneous matter is necessary, it must be laid and proved. 2 *Saund. Pl. & Ev.* 366, 798, 799; Todd *v.* Hastings, 2 *Saund. Rep.* 307; Hawkes *v.* Hawkey, 8 *East.* 427; Craft *v.* Boite, 1 *Saund. Rep.* 242; *Stark. on Slander* 292. A variance is fatal. 2 *Saund. Pl. & Ev.* 368. A *colloquium* must be proved as laid; 2 *Saund Pl. & Ev.* 370, 385; and must be laid and the words relate to it. Maxwell and wife *v.* Allison, 11 *Serg. & Rawle* 344; Van Vechten *v.* Hopkins, 5 *Johns.* 223. The *colloquium,* if any was proved, was of an extra judicial affidavit, and not actionable. Shaffer *v.* Kintzer, 1 *Binn.* 537. On this point the court erred. The words showed that he spoke of the extra judicial oath. The words are not actionable in themselves; they could only be rendered so by reference to the particular proceeding, which must be proved. If the words relate to a particular transaction which shows that no crime could have been committed, although they, under other circumstances, might be actionable, yet they then cease to be so. Van Rensselaer *v.* Dole, 1 *Johns. Ca.* 279; *Whart. Dig.* 555, 556; Dr Shecut *v.* M'Dowell, 1 *Cons. Rep. South Car.* 35; Thompson *v.* Bernard, 1 *Camp.* 48; 4 *Coke's Rep.* 19; 1 *Bac. Ab.* 239, 240. This could not be perjury. The magistrate had no right to administer an extra judicial oath. An oath in a private matter is not perjury. 1 *Hawk. P. C.* 318, 320, 322; 2 *Russel on Cr.* 517, 520; *Archb. Cr. Pl.* 249, 250; 4 *Chit. Bl.* 137, *note.* To say of a man, "he swore a false oath and I can prove it," has been expressly decided to be not actionable. Parker *v.* Spangler, 2 *Binn.* 60. So, "he swore false before Squire Andrews, and I can prove it." Stafford *v.* Green, 1 *Johns.* 505. So, "he swore false against me in Squire Jameson's court." Ward *v.* Clark, 2 *Johns.* 10. So, "he was forsworn in leet court." 1 *Bac. Ab.* 207; Green *v.* Long, 2 *Caines's Rep.* 91. There must be a *colloquium* of a trial, and it must appear that the evidence was material to the issue. Crookshank *v.* Gray and wife, 20 *Johns.* 344. A *colloquium* is absolutely necessary and an *innuendo* will not help. Miller *v.* Miller, 8 *Johns.* 74. The witness may swear to a

lie without knowing. it.  The oath may be extra judicial.  The charge of perjury must be unequivocally conveyed.  Hopkins *v.* Beedle, 1 *Caines's Rep.* 347.  If the words relate to an oath not legally administered, they are not actionable.  Harvey *v.* Boies, 1 *Penns. Rep.* 12.

The substance of the words, not of the charge, must be proved as laid in the declaration.  *Stark. Ev.* 845, 846, 847, *note (e)*; 1 *Bac. Ab.* 243, *note; Stark. on Slander,* 270—276.  And the sense and manner must be the same.  *Stark. Ev.* 846, *note;* Miller *v.* Miller, 8 *Johns.* 74; Kyzer *v.* Grubbs, 2 *M'Cord's Rep.* 305; M'Connel *v.* M'Coy, 7 *Serg. & Rawle* 223.  For the application of this principle in the case of an indictment for perjury, see 2 *Russel on Cr.* 546.  A variance between the *allegata* and *probata* is fatal.  *Stark on Slander* 274.

Matter of inducement, as well as other matter, must be legally proved, and if an oath is averred to be taken before a magistrate, legal evidence of a trial must be produced.  3 *Stark. Ev.* 1551, *note (x)*; 2 *Id.* 867, *note ;* Crookshank *v.* Gray and wife, 20 *Johns. 344*; Bullock *v.* Koon, 9 *Cowen* 30.  The court erred in not instructing the jury whether the words proved were the same in substance as those laid in the declaration.  Where the words are admitted and agreed on, it becomes a question of law whether they are, or are not, the same in substance.  In Rue *v.* Mitchell, 2 *Dall.* 58, the court overstrained the meaning of an *innuendo.*  The meaning and object of an *innuendo* are clearly explained in 1 *Bac. Ab.* 249; *Stark. on Slander* 293 —296, 302.

*Thompson* and *Galbraith,* for the defendant in error.

Suppose no such suit existed as that to which the words had reference.  Would they not amount to slander ?  The greater the slander, the more is it aggravated.  It was for the jury to say whether the crime intended to be imputed was perjury.  Eckhart *v.* Wilson, 10 *Serg. & Rawle* 44; Bloom and wife *v.* Bloom, 5 *Serg. & Rawle* 391 ; Walton *v.* Singleton, 7 *Serg. & Rawle* 449.  Several witnesses swore to the reference to the suit before Esquire Martin.  To this testimony there was no exception.  The objection here is, that we laid more in our *narr.* than was proved.  It was irregular and too late to make the objection after permitting us to give testimony of the suit before the justice.  Nor is the *innuendo* in the declaration set forth in the paper book.  This *innuendo* helped out the words and clearly rendered them actionable.  Rue *v.* Mitchell, 2 *Dall.* 58.  The case of Shaffer *v.* Kintzer was one of a voluntary affidavit : and in Yundt *v.* Yundt, the *narr.* merely stated historically that the plaintiff had committed the crime of perjury.

The opinion of the Court was delivered by

SERGEANT, J.—Two errors have been assigned in this cause.  The first is in the declaration, and the second in the court's answers to

[Tipton v. Kahle.]

the four points proposed to them by the defendant's counsel. As we perceive no error, except in one of the answers of the court, it is unnecessary to repeat all these points in detail. That one is the answer given by the court to the defendant's third point.

The court was correct in saying that the words laid in the declaration, "he swore me out of a sum of money," were not actionable. But the consequence was, that all proof in relation to those words ought to have been thrown out of view by the jury; for it is unjust to assess damages in part or in whole for words not actionable: and therefore the court were wrong in afterwards leaving it to the jury to judge whether the charge thus laid was proved, and whether the defendant meant to charge the plaintiff with perjury. No *innuendo*, though found by the jury, could render the defendant liable for words not in themselves actionable. It is well settled that the office of an *innuendo* is to elucidate the meaning of the words uttered, not to alter their nature. Shaffer *v.* Kintzer, 1 *Binn.* 537; Packer *v.* Spangler, 2 *Binn.* 60.

If it was meant by the court that the jury might take the proof of these words into consideration, under the averment in the declaration that the defendant had said of the plaintiff "he is guilty of perjury," it is impossible to assent to such a principle. There was no proof whatever that the defendant had uttered these words as here laid. The words proved by the witnesses were, substantially, "he swore me out of a sum of money." One of these witnesses added, that he said "he had given him leave to swear," and another, that he said "it was before Esquire Martin." Now it could not be allowed to the plaintiff to support an averment, that defendant had said "he is guilty of perjury," by words altogether different, even if they imported that charge. The meaning of the decision in Kennedy *v.* Lowry, 1 *Binn.* 393, that the substance of the words may be stated in the declaration, is, that the plaintiff need not set out every identical word spoken by the defendant, but may give the purport of what was said by him. For example, words may be laid to have been spoken in the second person, and proved in the third: redundant epithets may be omitted: synonymous terms may, in some cases, be substituted conveying the same ideas: but it is not permitted to drop altogether both the language and ideas uttered, and sum up all in one round charge, and then leave it to the jury to say whether the words proved amounted to that charge. Such a course would deprive the defendant of notice of the complaint against him; would perplex and embarrass him in justifying or explaining the words he had used, and would transfer from the court their duty of deciding how far the words used were actionable. It would, in fine, derange the whole system of the law relative to actions of slander.

But had all the words proved to have been used by the defendant on this subject been laid in the *narr.*, it would not have bettered the plaintiff's case. Whether the swearing was false or not; whether, if false, it was in a judicial proceeding, was not stated by the defend-

ant.   There is no *colloquium* of any such proceeding, or of the plaintiff's having taken an oath judicially.   The words do not seem any thing like as strong as those used in Packer *v.* Spangler, 2 *Binn.* 60. There it was held that to say, "she swore a false oath and I can prove it," was not actionable; nor could they be helped by an *innuendo* of perjury.   To the same effect is Shaffer *v.* Kintzer, 1 *Binn.* 537.

There are other words in this count which were clearly actionable, and which appear to have been fully proved.   The case ought. to have gone to the jury on them alone, and it was error to allow the other words charged, to be taken into their consideration in assessing damages.   For these reasons the judgment is reversed.

Judgment reversed, and a *venire de novo* awarded.