POWER *vs.* PRICE.

In *slander*, where the plaintiff is charged with *false swearing* on the trial of a
    cause, and the words are not *per se*, actionable, the plaintiff is bound to
    prove that the testimony given by him, in reference to which the charge is
    made, was material to the point in issue in the cause in which he was
    sworn as a witness.
It seems that where the charge is general, the law may perhaps presume
    that some part of the testimony was material ; but if the charge is confin-
    ed to a particular fact sworn to, such presumption will not be indulged,
    but it must be affirmatively shown that the fact was material to the issue.
Where there is no dispute as to the facts sworn to, the question whether the
    testimony was or was not material to the point in issue is a question of law.

ERROR from the Ontario Common Pleas. Price sued Pow-
er in an action of *slander*, for charging him with *swearing
false* as a witness, on a trial in a justice's court, in a cause in
which Power was plaintiff and M'Lowth and Osgood defend-
ants. The charge was general, that Price had sworn false
upon the above occasion. In the declaration the trial was set
forth, and it was alleged that Price was examined as a wit-
ness ; but it was not averred that the testimony given by him
was material to the issue. The suit before the justice was
for taking and selling a quantity of hay belonging to the
plaintiff, by virtue of a warrant issued by the defendants as
the trustees of a school district, to collect a tax voted at a dis-
trict meeting held on the 22d May, 1830, which was alleged
to be an *adjourned meeting* from the annual meeting held on
the tenth of the same month. The plaintiff contended that
the proceedings of the meeting of the 22d May were void, be-
cause the *annual meeting had been adjourned for a year, previ-
ous to the adoption of the resolution* to have a special meeting on
the 22d May. Price testified on that trial on the subject of the
adjournment, gave an account of the proceedings of the
meeting, and that he made a motion for its adjournment un-
til the 22d May. After the trial, Power told him that he had
sworn false in giving his testimony, inasmuch as he had often
told him that the *annual meeting* was adjourned for a year pre-

vious to the adoption of the resolution to adjourn to the 22d May, and that he had now sworn that *he did not recollect such fact, when in truth he did recollect it.* The defendant insisted that the plaintiff was not entitled to sustain his action, because he had failed to show that his testimony, charged to be false, was *material* to the issue tried; and that from the evidence which had been given, it was apparent that his testimony was *irrelevant* or *immaterial.* The court charged the jury that the plaintiff need not prove affirmatively that the testimony given by him on the trial before the justice was *material,* and that if they were satisfied that a trial had been had before the justice, in which the plaintiff was sworn and testified as a witness, and that the words charged in the declaration had been spoken, the plaintiff had sustained his action; if, however, from the proof exhibited before them, they were of opinion that the testimony of the plaintiff before the justice was *immaterial,* then the plaintiff was not entitled to recover; but at the same time instructed the jury that *the court* were of opinion that the testimony given by the plaintiff on the trial before the justice, was material. The jury found a verdict for the plaintiff for $300 damages, on which judgment was entered. The defendant sued out a writ of error.

*J. C. Spencer,* for the plaintiff in error. The common pleas erred in instructing the jury that the plaintiff below was not bound to show that his testimony on the trial before the justice was *material,* 9 Cowen, 30, 1 Wendell, 475, and they also erred in expressing their opinion that such testimony was material; its materiality was a question of fact which should have been submitted to the jury, who should have been permitted to pass upon it, uninfluenced by the expression of the opinion of the court. 3 Wendell, 102, 418. 4 id. 642. 7 id. 411. The testimony of the plaintiff is not alleged in the declaration to have been material. On its face, and unexplained, it was not so material that perjury could have been assigned of it, nor was its materiality shown by evidence. Without such proof, the plaintiff was not entitled to recover.

*S. Stevens*, for the defendant error.

*By the Court*, NELSON, J.    The common pleas undoubted-ly erred in laying down the position, that the plaintiff was not bound to prove that the testimony, which he gave on the tri-al before the justice, was material to the point in issue, in re-spect to which the charge of false swearing was made by the defendant; it is an essential ingredient in the crime of perju-ry, and must be averred and proved.  6 Johns. R. 82.  13 id. 81.  20 id. 349.  9 Cowen, 34.  1 Wendell, 477.  2 Chitty's Cr. L. 456.  If the charge is general, and proof be adduced that the plaintiff was a witness, and gave evidence on the trial of a cause, the law may, perhaps, presume that some part of his testimony was material : but if the charge is confined to a particular fact sworn to, such presumption ought not to be indulged : it should appear affirmatively that the fact was material to the issue.  Although the law may reasonably enough intend that some part of the testimony given by a witness on a trial is material, the presumption would be too violent that the whole was so ; and without such presumption, it cannot be said that a specified part is material.

The common pleas, however, were right in instructing the jury that the evidence in this case showed that the testimony charged to be false, was material to the point in issue before the justice.  When there is no dispute as to the facts, the ques-tion whether the testimony was or was not material to the point in issue, is a question of law.  The suit before the jus-tice was brought by Power, against the trustees of a school district, for property taken under a warrant issued by them, and the ground of the action was, that the district meeting, at the time they voted to raise the tax, was illegal.  The plaintiff there was examined, and testified in reference to that point on the trial.  Power alleged that the annual meeting had adjourned over, and was dissolved previous to the vote of adjournment to the 22d May, on which day the inhabitants of the district met and voted the tax.  The plaintiff swore that he had no recollection of the fact alleged by Power, and Power charged him with swearing false in so testifying.  To show

that the meeting was held without authority, was pertinent to the issue; and the testimony of the plaintiff having an immediate bearing upon that point, was material.