By the Court, Cowen, J.
If it was necessary to show the fact that the plaintiff was sworn as a witness, the slander itself impliedly admitted it. That is sufficient. There was no objection that the proof was .secondary in degree.
As a general rule, it is to be intended that what a witness *574 has sworn to is material; and when he is charged with having sworn falsely in a judicial proceeding, the charge imports perjury. (Power v. Price, 12 Wend. 500, 502 ; 16 id. 450, S. C. on error ; Stone v. Clark, 21 Pick. 51.) If the defendant mean to escape on the ground that the plaintiff’s testimony was in truth immaterial, and so not perjury, he must show that fact on his part. Indeed he must go much farther. He must prove that the slanderous words themselves were so qualified as to come short of imputing the crime of perjury. The injury consists in the fact that the defendant ostensibly charged the plaintiff with perjury. The hearer can know nothing of what actually passed in court to qualify the real nature of the falsehood imputed. Of what possible effect by way of exculpation or mitigation can it be, after telling the plaintiff’s neighbors that he had been guilty of a crime, to go farther and show that he was innocent 1 The proposition comes to that. The plaintiff is sworn as a witness. The defendant says he swore falsely. No hearer can presume that he had been telling an idle story having no connection with the cause, for no court would listen to such a story ; and therefore the charge must be interpreted as one of perjury. How then can it take from the slander that the plaintiff in fact swore to nothing material 1 If the defendant said so, very well; then there was no slander ; but the whole comes down to the words themselves. (Stone v. Clark, 21 Pick. 51 ; Carter v. Andrews, 16 id. 1.) It is not even necessary to prove that a suit was pending, or to show that the colloquium referred to any suit in particular, where the words in themselves amount to a charge of perjury, as it appears to me they did here. (Sherwood v. Chase, 11 Wend. 38, and the cases there cited ; Gilman v. Lowell, 8 id. 573, 577.) Take the words addressed to Aylsworth: “He has sworn false to my injury six or seven hundred dollars.” No one would understand this to be extrajudicial swearing, or telling a white lie. The words, per se, import perjury. A pending suit and a colloquium concerning it are necessary in those cases only where, without them, the *575 hearer would be left in doubt whether the oath might not have been voluntary. (Gilman v. Lowell, 8 Wend. 573, 577.) If thé words are incompatible with its being so, the slander is only aggravated by the defendant going behind them, and showing that the plaintiff took a legal or judicial oath and stated facts which throughout were utterly immaterial and necessarily innoxious. The case of Bullock v. Coon, (9 Cowen, 30,) related to a charge in the face of the arbitrators and audience while the plaintiff was testifying, that he was swearing to a lie. The case turned wholly on the degree of prool which was received at the circuit to show the jurisdiction of the arbitrators. When it was said that materiality should also have been shown, it may have been true of the particular case for reasons not appearing ; but it was going beyond the general rule, and beyond the point on which the new trial was granted. Even in respect to the latter, it would, I apprehend, have better accorded with the course of modern and well considered authority, to have held that ostensible jurisdiction was enough to render the words legally pernicious, and that the bond of submission need not have been produced.
If the words in the case before us were actionable independently of the suit and oath recited, and the colloquium alluding to that suit, then the question of variance is unessential. It can hardly be said that here was any variance. The declaration recites a suit of Winne v. Asa Fyler. The suit proved , was in truth between those parties; but Orrin Fyler was also defendant. There is no doubt, however, that if this was a misrecital, the pleading was amendable within the statute, and, according tó our settled course of practice, if the statute were inapplicable.
New trial denied.