## VLIET vs. ROWE.

1. SLANDER. To charge one with having committed *perjury* upon a certain trial is actionable, *per se;* but to charge one with having *sworn* falsely is not, but the attending circumstances may be such as to render such charge actionable.

2. EVIDENCE. In an action for slander for charging that the plaintiff had sworn falsely on the trial of a certain action, the plaintiff cannot recover without alleging and proving that the alleged false testimony given by the plaintiff on such trial, was material to the issue therein; and the question of the materiality of such testimony is one of law to be determined by the court.

3. PLEADING — NOTICE — DAMAGES. Where in an action for slander the defendant pleaded the general issue, with a notice that he would prove the truth of the slanderous words, *held,* that the notice was not an admission of the matter charged in the declaration, but if relied on it would preclude the defendant from giving all such evidence in mitigation of damages as would go to repel the inference of malice, or as related to the manner and occasion of speaking, and would operate as an admission of malice and might be considered in aggravation of damages.

Vliet vs. Rowe.

ERROR to the District Court for *Milwaukee* County.

*Vliet* brought an action against *Rowe* for slander, in charging that *Vliet* had sworn falsely as a witness on the trial of a cause before a justice of the peace.   The case is fully stated in the opinion of the court.

*A. W. Stow*, for plaintiff in error.   1.   Where the charge of perjury is general with an allusion to judicial proceedings, the words are slanderous, and it is not necessary for the plaintiff to prove the materiality of the testimony which it was charged was false.   *Evidence*, necessarily implies materiality ; *testimony*, may or may not be material.   *Jacobs v. Nyler*, 3 Hill, 572 ; *Thompson v. Lusk*, 2 Watts, 17 ; *Fowler* v. *Roberts*, 12 Pick. 498 ; Coo. & Hughes' Dig. 1283.   The charge was general, in relation to the whole testimony and necessarily imputed perjury. It will not be presumed that a court would listen to the testimony of a witness when there was no part of it material.

2.   The court erred in ruling that the notice of justification could not be used to show malice.

*J. E. Arnold* and *John H. Tweedy*, for defendant in error.   1.   In order that words should be actionable *per se*, they must charge a crime involving moral turpitude, and for which a party would be liable to legal punishment. Story's Plead., title, " Slander."   *Young v. Miller*, 3 Hill, 21.   Charging that the plaintiff swore a lie or swore falsely, is not actionable *per se*.   It was necessary to show on the trial the materiality of the alleged false statement to the issue on trial, when the party testified.   8 Johns. 109 ; 13 id. 78.   The distinction in most of the cases is, that the court will intend *after verdict* that there was sufficient evidence before the jury to satisfy them of the materiality of the testimony.   1 Caines, 348 ; 1 Wend. 575 ; *Power v. Price*, 12 id. 500 ; 9 Cow. 30 ; 20 Johns. 344 ; 16 Wend. 450. If the evidence was immaterial, although it is charged to be false, the action cannot be maintained, because if immaterial he could not be punished.   In this case there was nothing to show what the testimony was

in relation to which it was charged that the plaintiff swore falsely, and the question of materiality of the evidence is a question of law for the court.   16 Wend. 450.

2.  Notice of special matter not relied on by the defendant, admits nothing, and cannot be used for any purpose by the plaintiff.   Story's Plead. 498 ; 8 Johns. 109 ; Stat. of Wis. 209.

IRVIN, J.   This case came up on error to the district court for Milwaukee county, on a judgment given on a trial at the June term of this year.

The slander complained of by the plaintiff and charged against the defendant (although stated in all the modes and changes in which such matters may be set out in a declaration), was substantially that the defendant had charged the plaintiff with false swearing as a witness in the trial of a cause before a justice of the peace.   The proof was, that "in October, 1852, the said defendant (referring to a trial before had before one Messenger, a justice of the peace, in which said *Rowe* was plaintiff, and the said *Vliet* defendant, in regard to some mill-irons and an account), the said defendant, in the presence and hearing of the witness and others, said to the said plaintiff : " You swore to a lie in the suit before Messenger, and I can prove it by Esquire Prentiss ; you swore false, and I can prove it."   It was further proved " that on 14th of August, 1840, a cause was tried before John A. Messenger, a justice of the peace, in an action of assumpsit, in which the said *Rowe* was plaintiff, and the said *Vliet* was defendant, upon which trial the said *Vliet* was called upon by the said *Rowe* to testify, and was thereupon sworn as a witness in the cause, and did give evidence, and that something was said on that trial about an account and mill-irons."   Accompanying the general issue, was a notice to the plaintiff by the defendant, " that he would on the trial, give in evidence and insist that the said plaintiff, in giving his testimony on said trial before Messenger, had committed willful and

corrupt perjury." Under this notice the defendant gave no evidence, and the cause here resting, the court charged the jury as follows : " That by the aid of the colloquium and averments in the declaration, the words " you have sworn to a lie, and I can prove it," or " you have sworn false, and I can prove it," became actionable. These words are not *per se* actionable ; hence it becomes necessary to make out the case by necessary proof. It must appear on the trial, that a trial was had as set forth in the declaration, and that the plaintiff there testified or gave evidence material to that issue. In this case there is no evidence of the materiality of the evidence given by the plaintiff on that trial. The materiality of the testimony given by the plaintiff on the former trial is a matter of law for the court to determine. A notice of special matter is in ease of the defendant, and he can use it or not as he pleases. He may or may not rely upon it. It is not an admission of the matter charged in the declaration. The plaintiff is bound to prove the facts set forth in his declaration, or the facts necessary to make out his case, notwithstanding the notice filed. It is not a special plea that confesses and avoids. A notice when relied upon precludes all such evidence in mere mitigation as goes to repel the inference of malice, or relates to the manner and occasion of the speaking. A plea or notice relied upon, admits the malice and is properly to be used in aggravation." The jury found a verdict for the defendant, and the plaintiff excepted to the charge of the court, the correctness or incorrectness of which is now the matter of inquiry, and more particularly that portion of it which declares it in this case incumbent on the plaintiff to prove the materiality of the evidence given by himself on the trial, at which the false swearing is alleged to have been done.

The charge of perjury is *per se* actionable, because it directly imports a crime for which a man may be punished. This proposition is so well established as to

Vliet vs. Rowe.

make a reference to authorities in its support wholly unnecessary.

The charge of false swearing (although in common acceptation tantamount to a charge of perjury) is not actionable *per se*, but only becomes so by force of attendant circumstances. Perjury can only be committed by swearing falsely before a competent tribunal, and to matter material to the issue as that would imply the malice necessary to constitute the crime, but to swear falsely to matter not material (although highly reprehensible in a moral point of view), would be held to be an idle and foolish act, but wholly destitute of that ingredient (malice) so necessary to constitute the crime of perjury. And inasmuch as it is a principle of law, well established, that a plaintiff must make out his whole cause of action, and regarding this as a necessary part of the plaintiff's action in this case, it was incumbent on him to prove that the swearing alleged to have been false, was material to the trial in which it was done, and of the materiality of which the court was to determine. *Vaughan v. Havens*, 8 Johns. 109 ; *Thompson v. Lusk*, 2 Watts, 17 ; *Chapman v. Smith*, 13 Johns. 78 ; *Power v. Price*, 12 Wend. 500 ; *Hopkins v. Beedle*, 1 Caines, 347 ; *McKinley v. Rob*, 20 Johns. 357 ; *Ross v. Rouse*, 1 Wend. 475.

When we examine the evidence adduced in the district court by the plaintiff, in support of the charge of false swearing, we fully concur with that court, that there was no evidence of the materiality of the testimony given on the trial before the justice of the peace. We also concur in the correctness of the balance of the charge, and affirm the judgment with costs.