## BRICKER v. POTTS.

1. Words are actionable, if in the ordinary import they imply that a false oath was taken in a judicial proceeding, although no such proceeding existed.

2. And where the words in their ordinary acceptation imply the charges set forth in the innuendo, a colloquium is not essential.

In error from the Common Pleas of Indiana.

Case for slander.   The material words in the declaration were: —" You (the said plaintiff meaning) went and cut up a parcel of hats (meaning the hats of the said plaintiff), and then went and made a false oath against your father (the said plaintiff's father meaning), and afterwards you (the said plaintiff meaning) took sick and confessed that you (the said plaintiff meaning) had cut up the hats yourself; you (the said plaintiff meaning) swore a lie against your father (the father of the said plaintiff meaning), and I can prove it; you (the said plaintiff still meaning) swore a lie, and it is in black and white, in Westmoreland county; you (the said plaintiff meaning) swore a lie, and it is on record in Greensburgh; thereby then and there meaning and intending to convey the idea and to charge the said plaintiff with having destroyed hats by cutting them up, and with having commenced a prosecution against

his father for malicious mischief, and with having committed the crime of perjury in swearing the false oath as aforesaid in the said alleged proceeding."

There was no averment or proof of any proceedings having been instituted, in which the oath could have been taken.

BURRELL, P. J., told the jury that "the words laid in the declaration and proved, are to be construed according to their ordinary and usual sense; and if they impute a charge of perjury, in short, if they mean what the innuendo says they do, then the defendant is responsible, although it be not shown that he averred the pendency of a judicial proceeding, and that plaintiff was sworn as a witness on the trial."

*Banks* and *Foster*, for plaintiff in error.—Without a colloquium, and there is none here, setting forth a judicial proceeding, to which the words used referred, the action does not lie, for nothing more than a charge of an extrajudicial false oath is implied: 1 Binn. 537; 2 Id. 60; 8 Johns. 109

*Cox*, contrà.—A colloquium is unnecessary when the language explains itself. Here the innuendo avers, that a criminal charge was intended, and so the jury have found; and this is the legitimate inference from the words: 3 S. & R. 255; 7 Ib. 454; 10 Ib. 44; 2 Watts, 353; 5 Ib. 105; 3 Pa. Rep. 105; 3 Binn. 517.

ROGERS, J.—To say of a man he has sworn falsely, that he swore a false oath, and I can prove it, is not actionable; even where the words are helped by an innuendo of perjury. Such words are not actionable without a colloquium concerning a proceeding in a court of competent jurisdiction. They are said not to be so, because they do not necessarily impute a charge of any indictable offence. And to say generally that a man hath forsworn himself is not slanderous, because, as is said, he may be forsworn in common conversation, and it may be an expression of mere passion and anger. Although not very favourably impressed with the wisdom of the decisions, or the reasons on which they are founded, yet I agree they are too firmly settled to be now disturbed: 1 Bin. 539, 2 Bin. 60, 8 John. 109, recognised in Wagner *v.* Baker, decided at this term, and not yet reported, are cases of this description. But although the law is so ruled, yet it has never yet been held that to make words actionable without a colloquium, there must be in all cases a distinct and positive charge of an indictable offence; on the contrary, where

the charge imports such an occasion, taken in the sense in which the words are generally received by the world, they are actionable with the help of an innuendo, found to be true by the evidence of a jury. · And so the point is ruled by authority. Thus the sense in which words are received in the world, is the sense which Courts of justice ought to ascribe to them: Andrus *v.* Koppenheafer, 3 S. & R. 255. In Walton *v.* Singleton, 7 S. & R. 454, the Court says, words are actionable where the intent to charge the party with a crime, clearly appears. And in McKennan *v.* Green, 2 Watts, 353, when the words considered in reference to facts and circumstances, alleged by the words themselves to be known by the hearers, and understood by them, impute the existence of guilt which can arise only from a specific offence, the charge supposed to result from them may be laid by an innuendo, without recourse to a colloquium. The same principle is decided in Thompson *v.* Lusk, 2 Watts, 22, and Bornman *v.* Boyer, 3 Binn. 515. The cases show that the words are to be taken as they are ordinarily understood by the bystanders, and where they could not doubt for an instant what was meant, it shall be considered as an offence which is actionable without the aid of a colloquium. And this is not only in accordance with authority, but with common sense and common reason. It is true, we must not encourage actions of slander for trifling causes, nor does the interest of society require that they shall be suppressed, although discouraged; for unless a remedy is given by the civil tribunals for outrageous abuse, however artfully concealed under ambiguous phrases, it may lead to a breach of public order, by men taking redress into their own hands. In Rue *v.* Mitchell, 2 Dall. 58, recognised in Thompson *v.* Lusk, the Court sustained the particular meaning in the innuendo, though the explaining matter was neither set forth in a colloquium, nor contained in the words themselves. The words were, " You have taken a false oath before Squire Rush, and I can prove it"—the words were laid with an innuendo, but without a colloquium to point the sense. Shippen, the President, afterwards Chief Justice, says, " The sense in which words are received by the world is the sense which courts of justice ought to ascribe to them on the trial of actions for slander. Slander imputes an injury, and the injury must arise from the manner in which the slanderous language is understood." " The words in the present case," say the Court, " certainly impute a crime; and the innuendo (which the jury have found to be true, and which therefore must govern our interpretation of the fact) shows that the reference was not to a matter of common conversation, but

to an act committed before a justice of the peace in relation to a cause actually depending." In my judgment there is great good sense in the decision and the reason on which it is founded, and I exceedingly regret it has not been more closely followed in subsequent cases; but unfortunately we must not look to the law of slander in justification of the proud boast that law is the perfection of reason. Rue *v.* Mitchell very much resembles this case. [His honour here stated the declaration, *ante,* p. 200.] Now, if words are to be taken in their ordinary sense as they are generally received by the world, what bystander would doubt one instant what was meant? Who would hesitate in believing that the words were taken in their natural sense, and as containing an accusation that the plaintiff had been guilty of the crime of perjury? It is true that word is not used, perhaps purposely omitted, but the accuser is as distinctly understood, and, perhaps, more so than it would have been had the charge been more direct. Had the words been merely that he swore a lie or a false oath, it would have been within the cases cited; but the defendant does not stop there. In order to prove his meaning, to give point to his charge, he says it was in black and white in Westmoreland county, and a record in Greensburgh, which the bystanders well knew was the county town of that county where the courts of justice were held. This is an indication of his intent to charge an indictable offence, as in Rue *v.* Mitchell; and as the jury have found that it imputed a charge of perjury, we must take the fact (as is the rule) to be established. There is but little difference between the cases. In Rue *v.* Mitchell, there was a suit pending, but here the slander was a sheer fabrication, which, instead of lessening, adds to the offence. In every other particular they are identical. That no crime as charged has been committed, is now no defence, as was once held. That folly is corrected, as is ruled in Eckert *v.* Wilson. It is actionable to say you killed A. B., though it appears by the plaintiff's witnesses that at the time when the words were spoken, A. B. was alive, in a distant part of the country.

Judgment affirmed.