AYRES vs. COVILL.

In an action for slander, matter in mitigation can be pleaded only when the defendant alleges the truth of the matter charged as defamatory.

In an action for slander, in charging the plaintiff with stealing and carrying away the examination of S. G., taken by and deposited with T., a justice of the peace; the complaint did not allege that the examination was taken by the justice upon any complaint, made or pending before him, against S. G. or any other

Ayres v. Covill.

person; nor did the occasion or purpose, or whether it was a civil or criminal pro- ceeding, appear; nor that T. had jurisdiction. *Held*, on demurrer, that the complaint was defective in substance; and that this objection was not obviated by the new rule of pleading a judgment or determination of an officer of special jurisdiction. (*Code*, § 161.)

Where, in an action for slander, the defendant justifies, and in so doing supplies the omission of a material fact in the complaint, that will cure the defect. But where the plaintiff demurs to one plea or answer, and the admission or aver- ment is found in another, such admission or averment will not avail the plain- tiff as supplying the deficiencies in his complaint; the plea or answer contain- ing the admission not being before the court, on the demurrer.

THIS was an action for slander. The complaint stated that a complaint and criminal proceeding was heard before E. and A., two justices in Saratoga county, against one Sophia Greenfield, on the complaint of Adah Greenfield and Betsey Simpson, charging the said Sophia with having committed perjury before one Torry, a justice of the same county ; and that the examina- tion of Sophia by said Torry was reduced to writing by the lat- ter, and filed and deposited with, and remained with him at the time of the hearing of the complaint against said Sophia, before E. and A. on said charge of perjury, and was then produced by Torry, and filed with the said justices, E. and A. ; and that said written examination was then filed with said E. and A., within the meaning of part 4, chap. 1, title 3, art. 5, § 69 of the revised statutes; and filed, and was deposited with a judicial officer, with- in the meaning of that statute. And that the defendant charged the plaintiff with having carried off said writing, and stated that he would be proceeded against for so doing. And that the de- fendant had also repeated similar charges during the pendency of an examination of the plaintiff, on a charge made against him before a justice, of having taken the writing in question ; and that the defendant intended thereby to charge the plaintiff with stealing it. The answer, 1st, denied that the said examination in writing was ever filed or deposited with the justice, Torry, or the justices, E. and A. 2d. It alleged that said paper was offered in evidence on the hearing of the charge against said Sophia before said E. and A., and was ruled out and rejected. 3d. It averred that said paper or writing was an examination on

oath taken before said Torry, a justice, of said Sophia G. on her complaint, made before said Torry, to obtain sureties of the peace of Adah Greenfield and Betsey Simpson; and that the defendant had been informed, and believed and charged, that said paper or writing was not filed or deposited with said Torry, or with any clerk or judicial officer, within the statute aforesaid. 4th. The defendant denied speaking or publishing the slanderous words. 5th. He denied speaking or publishing the words with intent to impute the crime of theft, &c. 6th. He "charged the truth to be, that the general moral character of the said plaintiff was, at the said several times mentioned in the plaintiff's complaint, and still is, very bad." The plaintiff replied, denying that the writing in question was rejected as evidence, as alleged by the defendant; and he demurred to the last or 6th portion of the answer, on the ground that it did not state facts sufficient to constitute a defense; nor was it a bar to the action. The court, at a special term, sustained the demurrer, holding that the portion of the answer demurred to was insufficient. That matter in mitigation could be pleaded in slander, only with the truth of the matter charged as defamatory; and that the plaintiff could demur in this case. That the defendant might go back to the complaint and object that it did not state facts sufficient to constitute a cause of action; and that this complaint was thus defective, as it did not appear that the written examination of Sophia Greenfield, the paper said to have been abstracted, was taken in any judicial proceeding; nor that there was any complaint made by any one before Torry, the justice, on that occasion, or that he had any jurisdiction to take her examination. But the court further held that the defendant had cured that defect; as, in the third subdivision of his answer, he had supplied all necessary averments to give jurisdiction. The defendant appealed.

*A. H. Ayres,* plaintiff, in person.

*W. Gleason,* for the defendant.

Ayres *v.* Covill.

*By the Court,* HAND, P. J.  The learned judge who decided this case at special term, gave it very full consideration.  He held that matter in mitigation could be pleaded in an action for slander, only when the defendant alleged the truth of the matter charged, as defamatory.  (*Code,* § 165.)  I have no doubt this was correct.  This part of the answer was unnecessary; as without it, evidence of the general character of the plaintiff was admissible, to reduce the damages.  The suit is for an injury to the character of a plaintiff, and if that is bad, he has sustained less damage.  (*Root* v. *King,* 7 *Cowen,* 634; *S. C.,* 4 *Wend.* 114.  *Hamer* v. *McFarlin,* 4 *Denio,* 509.)  But as the right to plead matter in mitigation, in slander, depends upon the code, when pleaded, it must be in the mode there prescribed; and there is no plea of justification in this case.  (*Cases cited, Voorhies' Code,* § 165, *Van Santvoord's Pl.* 267.)

The learned judge considered the complaint defective in substance, because it was not alleged that the examination of S. G. was taken by the justice upon any complaint made or pending before him, against S. G. or any other person; nor did the occasion or purpose, or whether it was a civil or criminal proceeding, appear; nor that Torry had jurisdiction; and that this objection was not obviated by the new rule of pleading a judgment or determination of an officer of special jurisdiction. (*Code,* § 161.)  His decision on this point, too, is good law.  The statute makes it criminal to steal and carry away any record, paper or proceeding of a court of justice, filed and deposited with any clerk or officer of such court; or any paper, document or record, filed and deposited in any public office, or with any judicial officer; without reference to the value of the record, paper, or document, or proceeding so stolen.  (2 *R. S.* 680, § 69.)  It makes the value of the paper, &c., of no importance; but under the first clause of the section it must be a record, paper or proceeding of a court.  And if the justice had no jurisdiction, he did not act as a court, nor is it averred that he did so.  And if this examination or writing was wholly unauthorized and void, and no use had been, or could ever be made of it, for any purpose, in legal proceedings or as a private instrument, it could not prop-

erly be filed and deposited in any public office, or with any judicial officer. Some other questions might perhaps be made upon the sufficiency of this complaint, but this defect renders it obnoxious to a demurrer ; and as it does not state facts sufficient to constitute a cause of action, the defendant can take advantage of it now.

But it is contended that the averments in the third part or division of the answer supply these deficiencies of the complaint. And the judge at special term so decided; feeling bound by the remarks of Mr. Justice Spencer, in delivering the opinion of the court in *Vaughan* v. *Havens*, (8 *John.* 110,) and by the case of *Drake* v. *Corderoy*, (*Cro. Car.* 288,) there cited. But in *Vaughan* v. *Havens* the question did not in fact arise ; for there was no plea but the general issue, and the court held the defendant might use the notice of justification accompanying it or not, as he should be advised. In *Drake* v. *Corderoy*, the defendant justified, and in so doing supplied the omission of a material averment in the declaration ; and the court correctly held that cured the defect. But here, the demurrer is to one plea or answer, and the admission or averment is found in another. Such an admission will not avail the plaintiff on this demurrer. (*Robins* v. *Lord Maidstone*, 4 *Q. B. Rep.* 811. *Harrington* v. *McMorris*, 5 *Taunt.* 228. *Smith* v. *Martin*, 9 *M. & W.* 304. *Edmund* v. *Groves*, 2 *Id.* 642. *Firmin* v. *Crucifix*, 5 *C. & P.* 97. *Montgomery* v. *Richardson*, *Id.* 247. *Troy and Rutland R. Co.* v. *Kerr*, 17 *Barb.* 581.) The admission made in the course of a pleading is not an admission for all the purposes of the cause ; but, as Lord Denman stated in *Robins* v. *Maidstone*, correcting what he had said in *Bingham* v. *Stanley*, (2 *Q. B. Rep.* 127,) is an admission " for all purposes regarding the issue arising from that pleading." The plaintiff has taken issue upon this third answer, (*see Code*, § 168,) and he may give evidence also of matter in avoidance thereof. (*Id.*) And any admission therein may be considered an admission in that line of defense or pleading. But that plea or answer is not before the court on this demurrer.

This answer does not contain a counterclaim, nor is it a mere

denial. But we sustained a demurrer in such a case last term, in the case of *Smith* v. *The Franklin Fire Insurance Company*. I had some doubts, at first, whether the plaintiff should demur to matter in mitigation. But it is not pleaded in form as such, but rather in bar. (*Fry* v. *Bennett*, 5 *Sandf. R.* 75.) And besides, the plaintiff cannot make this objection.

The judgment must be reversed; but, under the circumstances, both parties should have leave to amend, with costs to abide the event of the suit.

Ordered accordingly.

[CLINTON GENERAL TERM, July 3, 1854. *Hand, Cady, C. L. Allen* and *James*, Justices.]