HENDERSON, J., did not sit.

---

## Cauldwell v. Neilson.

*Alienation of affections—Statement of claim—Sufficiency of averments—Practice Act of May 14, 1915.*

1. A wife may maintain an action against a man for the alienation of her husband's affections.

2. Where the statement of claim in an action by a wife for the alienation of her husband's affections distinctly avers that defendant alienated the affections of her husband from her by false and injurious statements, counsel and advice, the statement is sufficient, although it does not contain the slanderous words averred to have been spoken by defendant.

3. Under the Practice Act of May 14, 1915, P. L. 483, it is not necessary in such an action to aver the arts, means and words employed by the defendant in procuring the alienation.

4. In such action a statement which avers in unmistakable terms that the defendant wrongfully and maliciously caused the plaintiff's husband to cease his love and affection toward her and to separate from her is sufficient.

Rule for more specific statement. C. P. No. 2, Phila. Co., June T., 1922, No. 9377.

*Roper & Caldwell,* for rule; *J. K. Weaver,* contra.

BARRATT, P. J., Dec. 18, 1922.—This is a rule for more specific statement; action in trespass for alienation of affections.

The defendant contends:

1. That the statement joins actions for slander and for alienation of affections.

This objection to the statement is untenable. The statement bases its claim wholly upon the defendant alienating the affections of plaintiff's husband.

2. That the averments of the statement are vague, indistinct and insufficiently clear to enable the defendant to join issue.

This objection also is untenable. The statement distinctly avers that the defendant alienated the affections of her husband from her by false and

injurious statements, counsel and advice, and a denial by proper pleading raises an issue.

3. That the allegations in the statement do not contain the slanderous words averred to have been spoken by the defendant.

It is not necessary in an action for alienation of affections to state the arts, means and words employed by the defendant in procuring the alienation. This has been definitely decided by the courts in many jurisdictions.

Our Practice Act of May 14, 1915, P. L. 483, also provides, in section 5: "Every pleading shall contain, and contain only, a statement in a concise and summary form of the material facts on which the party pleading relies for his claim or defence, as the case may be, but not the evidence by which they are to be proved, or inferences, or conclusion of law, shall be divided into paragraphs numbered consecutively, each of which shall contain but one material allegation."

Here the material fact is the alleged alienation, the words and acts which induced or resulted in the alienation to prove it are not required to be set forth by the express language of the act.

The defendant cites a number of cases, only one of which can be said to apply to an action for alienation of affections.

On slander, he cites Tipton v. Kahle, 3 Watts, 90; Harker v. Orr, 10 Watts, 245. The present action, however, is not for slander, as the statement shows on reading it.

On joinder of actions for slander and for alienation, he relies upon Finfrock v. Northern Central Ry. Co., 58 Pa. Superior Ct. 52; Struble v. Pennsylvania R. R. Co., 23 W. N. C. 197, and Craner v. Fire Insurance Co., 12 Lacka. Jurist, 163. There is no joinder of several causes of action in the present case, and the cases cited, therefore, do not apply. Moreover, it is difficult to comprehend the analogy between railroad and insurance contracts and cases of marital affections.

The defendant cites one case of alienation of affections. That is a case in the Pennsylvania Common Pleas, in Centre County, in 1909—Young v. Baum, 36 Pa. C. C. Reps. 318. In that case, the statement being wholly without reference to times or places, the court, per Orvis, P. J., did require that a bill of particulars should be filed giving some degree of statement as to times and places; but the opinion filed takes care to say that this might "not exclude all the evidence." Now, that indeed was all that might be required, and that much has been stated in the present plaintiff's amended statement, which names in general terms dates, times and places, fully answering the requirements as prescribed in very general terms in the Centre County case.

What more can be recited in the statement? A shrug, the cast of the eye, the inflection of the voice—these cannot be recited, nor shown, except by course of conduct; and what pleader can recite the details of the conduct? To name a few might be dangerous, as exclusive of others; and it could not avail the defendant, because not showing the other actions and words.

In 1 Chitty on Pleading (16th Am. ed., 1876), 406, it is said: "With regard to the *statement* of the *tortious act* or *injury itself*, it is frequently sufficient to describe it generally, without setting out the particulars of the defendant's misconduct. Thus, in an action on the case for inducing the plaintiff's wife to continue absent, it is sufficient to state that the defendant 'unlawfully and unjustly *persuaded*, *procured* and *enticed* the wife to continue absent,' by means of which persuasion she did continue absent, &c., whereby the plaintiff lost her society, without setting forth the means of persuasion used by the defendant." The author states this as a rule of considerable extent, and

2 D. & C.

illustrates further: "So, in actions for diverting water from a stream, or for disturbance of a right of common way, &c., it is sufficient to allege a diversion or disturbance generally, without showing the particular means adopted." The author cites, as to the alienation of the wife, Winsmore v. Greenbank, Willes, 577; The King v. Fuller, 1 B. & P. 180; Anonymous, 1 Ld. Raym. 452; Anonymous, 3 Leon. 13. The other illustrations are found in the Anonymous cases just cited.

The case in Willes was in 1745, Winsmore v. Greenbank. It was before Chief Justice Willes and his associate, Burnett, J., in the Common Pleas. The action was case for inducing the plaintiff's wife to continue absent. It was held sufficient to state that "the defendant unlawfully and unjustly persuaded, procured and enticed the wife to continue absent, &c., by means of which persuasion, &c., she did continue absent, &c., whereby the plaintiff lost the comfort and society of his wife," without setting forth the means, &c., used by the defendant. (See pages 582, 583.) It will be noticed, moreover, that the editor, Durnford, in a note, shows that the ruling has support in other lines of cases.

Durnford says: "This (the detail) is not required even in some indictments. In R. v. Eccles and others, 1 Leach C. C. 274, the defendants, who had been found guilty of a conspiracy, moved in arrest of judgment, because the indictment merely stated that they had conspired together by indirect means to prevent one H. B. exercising the trade of a tailor, without setting forth the means used; but the court overruled the objection, saying that it was sufficient to state the conspiracy and its object. So, in an indictment on Stat. 37 Geo. III, ch. 70, it is "sufficient" to charge the defendant with having endeavored to seduce persons serving in his Majesty's forces by sea or land from their allegiance and to induce them to mutiny, without setting forth the means employed: R. v. Fuller, 1 Bos. & Pul. 180.

Bockman v. Ritter (1898), 21 Ind. Ap. 250, was an action by a husband for alienating his wife's affections. Black, C. J., said: "It is contended, upon a motion of the appellant which was overruled, the court should have compelled the appellee to make the complaint more specific by stating therein what false and malicious statements the appellant made to appellee's wife, stating the language used and when and where the statements were made. We think the court did not err in this refusal. The gist of such an action is the plaintiff's loss of the society, comfort and assistance of his wife. In an action on the case for inducing the plaintiff's wife to continue absent, it was held sufficient to state that the defendant unlawfully and unjustly persuaded, procured and enticed the wife to continue absent, by means of which persuasion she did continue absent, &c., whereby the plaintiff lost her society, without setting forth the means of persuasion used by the defendant: Winsmore v. Greenbank, Willes, 577; 1 Chit. Pl., 405. See Wales v. Miner, 89 Ind. 118; Higham v. Vanosdol, 101 Ind. 160."

It will be noticed especially that Chief Justice Black stated respecting the action of the court in overruling a demurrer to the complaint for want of sufficient facts: "It is sufficient to say that it is not necessary in such a complaint to set forth what was said by the defendant to the plaintiff's wife, or even to state the character of any statement made by him to her, whereby her affection was alienated and she was induced to separate herself from her husband."

Counsel for plaintiff have referred to quite a number of cases fully supporting what has been said in the cases above cited. One of these is Kirby v. Kirby (1898), 34 N. Y. App. Div. 25. Barnard, J., said: "A bill of par-

ticulars would be a difficult matter to frame in an action such as this. A wife charges her husband's uncle with alienating her husband's affections and breaking up her home. There is no impropriety alleged other than a continued depreciation of the plaintiff as a wife. Such a complaint must be made out by prooof, presumably of many instances and probably on many occasions; here a little and there a little. The general allegation is made: 'You depreciated me to my husband and destroyed my happiness.' Such a general charge can be easily met."

Another of plaintiff's references is Williams v. Williams (1894), 20 Col. 51, holding that in such an action it is sufficient to allege the ultimate facts without a statement of the arts used. See, also, French v. Deane, 19 Colo. 504; Nevins v. Nevins, 68 Kansas, 410; Jonas v. Hirshburg, 18 Ind. App. 581, where the court said: "It is not the province of a pleading to state the evidence of a fact nor a conclusion of law." Reference may be made also to Jenkins v. Chism (1903), 76 S. W. Repr. 405, Kentucky Court of Appeals, wherein Nevin, J., said: "It is argued . . . that the courts erred in this; that the petition failed to allege the particular words and acts of flattery, misrepresentation and his malicious, wrongful and persuasive advice and other inducements to poison her husband's mind. As an original proposition, there would seem to be much force in this contention. But in view of the fact that this court has held that a plea to a note that was obtained by fraud, covin and misrepresentation, without setting forth the particular facts which constituted the fraud, covin and misrepresentation, was good, and that this court has repeatedly decided that a petition stating that an injury sustained by reason of the negligence of the defendant in the management and operation of the machine or thing under defendant's control, without setting forth the particular acts of negligence, and likewise that the plea of contributory negligence of the plaintiff produced the injury, without setting forth the particular acts of negligence relied on, was sufficient and a good plea, we are of the opinion that the court did not err in overruling the demurrer to the petition on that ground."

In the Licking (Ohio) Common Pleas, in 1898, in Mead v. Hoskins, 8 Ohio Decisions, 342, Jones, J., delivered an oral opinion sustaining a demurrer to a petition for damages for loss of consortium, saying that the petition should set forth the acts or facts which constitute the wrong. Mehrhoff v. Mehrhoff (1886), 26 Fed. Repr. 13, in the United States Circuit Court, District of Kansas, appears to hold as in Mead v. Hoskins, but such was not the view of the Supreme Court of Kansas in 1904. See Nevins v. Nevins, 68 Kansas, 410; 75 Pac. Repr. 492, above cited, the Supreme Court of that state holding that a statement of the ultimate facts is enough, without pleading the acts done and artifices used.

4. A further objection to the statement is that the allegations do not definitely and sufficiently charge the defendant with any breach of duty. A recourse to the statement shows that it states in unmistakable terms that the defendant wrongfully and maliciously caused the plaintiff's husband to cease his love and affection towards her, the plaintiff, and to separate from her.

5. Because the statement filed is vague, indefinite, lacks conciseness and is prolix.

What has already been said is an answer to this objection.

It appears to be settled that a court may order a bill of particulars even in tort, if the justice of the case requires it. This we said in Furbush v. Phillips, 2 W. N. C. 198, in 1875; but we do not see how the ends of justice would

2 D. & C.

Cauldwell *v.* Neilson.

be promoted, or how even the defendant would be afforded any increased facility to show his defence by requiring a more specific statement in the present case.

While it may be somewhat unusual for a wife to bring suit against a man for alienating her husband's affections, such an action by her is, nevertheless, sustainable if supported by competent evidence. See Trumbull *v.* Trumbull (Neb., 1904), 98 N. W. Repr. 683; 21 Cyc., 1619.

Rule discharged.